Eli Wager, J.
In this special proceeding brought pursuant to CPLR 5227 to enforce a judgment in the amount of $124.96, the respondent’s default in appearing on the return date of the petition was vacated by prior order of this court dated July 19, 1977 (Douglas F. Young, J.). The answer of the respondent has now been served alleging that respondent Chase is a mere stakeholder to the extent that it maintains a checking account for the judgment debtor. In a separate affirmative defense Chase alleges that all of the funds held by it to the credit of the judgment debtor represent the proceeds of Social Security payments and are not attachable by the petitioner judgment creditor. The allegations of the status of Chase as a stakeholder and the source and nature of the funds of the judgment debtor in its possession are not contradicted by the petitioner.
The Federal Social Security Law (US Code, tit 42, ch 7) does indeed provide, at section 407 "none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process”.
The creditors cannot recover the proceeds of Social Security payments from a savings or checking account where they have been placed by a judgment debtor. Such funds are explicitly exempt from legal process in proceedings supplementary to judgment. (Matter of Vary, 65 Mich App 447; see also, Century Ind. Co. v Mead, 121 Vt 434.)
The counsel for the petitioner requests that this court award costs of the proceeding in any event against respondent Chase. The subject statute provides specifically "Costs of the proceeding shall not be awarded against the person who did not dispute the indebtedness.” (CPLR 5227.)
Respondent Chase has not disputed the indebtedness by its posture in this proceeding. Respondent has not in any way attacked the judgment sought to be enforced herein. Accordingly, costs may not be awarded against the respondent.
The petition is dismissed.