OPINION OF THE COURT
Harvey W. Sherman, J.
Petitioner brings this motion, pursuant to CPLR 5227, to enforce a judgment in the amount of $280.54 by requesting an order compelling respondent bank to pay over to petitioner certain sums of money it holds in two separate savings accounts both in the name of Mark Gitters or Susan Gitters. Mark Gitters is solely alleged as being a judgment debtor of the petitioner.
This court has examined the various exhibits annexed to the petition, in particular, the information subpoena with restraining notice pursuant to CPLR 5222, which provides the underlying basis for this instant special proceeding.
Said restraining notice is dated September 29, 1982 and is obviously a preprinted form containing the notation, “RN-H1/80)”, as an identification feature.
However the Legislature added two new subdivisions, (d) and (e), to CPLR 5222 effective September 1, 1982, providing for notice to the judgment debtor as to exempt money or property. As the Supplementary Practice Commentaries by David D. Siegel (McKinney’s Cons Laws of NY, Book *123 7B, CPLR C5222:ll, 1982-1983 Pocket Part, p 37) clearly explain, the legislative changes were “designed to meet constitutional objections made in Deary v. Guardian Loan Co., 534 F. Supp. 1178 (S.D.N.Y. March 2,1982). The court in Deary held CPLR 5222, 5230 and 5232 unconstitutional for failing to advise the judgment debtor that his property may be exempt from application to the judgment, and to offer him a chance to establish as much.”
CPLR 5222 (subd [d]) requires the service of a notice to the judgment debtor within a year before service of a restraining notice, or, in the alternative, four days after the service of a restraining notice, a copy of such restraining notice together with the notice to judgment debtor must be mailed by first class mail or personally delivered to each judgment debtor who is a natural person.
“The gist of the subdivision (d) requirement is that the judgment debtor be given the notice prescribed by subdivision (e). Only within the year following this service on the judgment debtor may a restraining notice be served under the prior subdivisions of CPLR 5222” (Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5222:ll, 1982-1983 Pocket Part, p 37; emphasis added).
This procedure was not followed on the face of the restraining notice nor is it alleged in the petition. The turnover proceeding is therefore defective and must be dismissed. The rationale for such a notice becomes apparent when one considers the circumstances that presented themselves to the court in Matter of Household Fin. Corp. v Chase Manhattan Bank (91 Misc 2d 141, 142): “The creditors cannot recover the proceeds of Social Security payments from a savings or checking account where they have been placed by a judgment debtor. Such funds are explicitly exempt from legal process in proceedings supplementary to judgment”.
A legal proceeding to divest rights cannot be instituted without safeguarding the right of due process of law. Due process requires proper notice of the proceedings (Lane v Johnson, 283 NY 244, 253).
Additionally, this court notes that the petitioner might conceivably argue that service of the instant notice and *124 petition should stand as adequate notice to the judgment debtor.
This court finds such to be directly contrary to the legislative intent of CPLR 5222 (subds [d], [e]). Furthermore, the important warning contained in subdivision (e), “you may consult an attorney, including legal aid if you qualify”, is entirely lacking in the petition before this court.
Finally, it is apparent from the affidavit of service regarding service upon Mark Gitters and Susan Gitters of the notice and verified petition, that service by “nail and mail” pursuant to CPLR 308 (subd 4) was defective in that only one copy was affixed to the door and only one copy was mailed to the usual place of abode, thereby no service was effected upon a necessary party, whether it be Susan or Mark Gitters.
For an excellent discussion of the rights of the nonjudgment debtor, Susan Gitters, as a joint tenant or tenant in common of the bank accounts and the rationale for joining and serving such person as a necessary party, see Bergdorf Goodman, Inc. v Marine Midland Bank (97 Misc 2d 311).
Therefore the petitioner’s restraining notice served upon the respondent bank is dismissed without prejudice for failure to serve the judgment debtor in the manner prescribed by statute (CPLR 5222, subds [d], [e]) and the petition of G. E. Weinstein in this turnover proceeding is dismissed without prejudice for the above-stated reason and for failure to serve a necessary party in the matter prescribed by statute (CPLR 1001, 308, subd 4).