OPINION OF THE COURT
Harvey M. Sklaver, J.
This is a proceeding brought by Chemical Bank pursuant to CPLR 5227 for a judgment directing Barclays Bank of New York as garnishee to deliver money purportedly owed by the judgment debtor Thomas Flaherty. In 1978 Chemical Bank recovered a judgment against Mr. Flaherty and, in an attempt to enforce the judgment, in August, 1983, served an information subpoena and questionnaire on Barclays Bank (CPLR 5224, subd [a], par 3). The information subpoena included a restraining notice (CPLR 5222) in proper statutory form. In due course Barclays Bank advised Chemical Bank that it was holding funds on deposit in an account standing in the names of Marianne Flaherty and Thomas Flaherty. Chemical Bank then brought this proceeding against Thomas Flaherty, Marianne Flaherty and Barclays Bank.[1] All three respondents defaulted.
*510 In examining the petition the court finds no allegation of the Chemical Bank having complied with CPLR 5222 (subd [d]). That subdivision requires that within four days after the service of a restraining notice a notice in the form prescribed in subdivision (e) must be mailed to the judgment debtor if it had not been given to him within one year prior to the service of the restraining notice. Briefly, that notice is designed to inform the judgment debtor, if he be a natural person, that certain moneys are exempt from application to the satisfaction of the judgment[2] and that if the judgment debtor believes any of the moneys to be exempt he (or she) may communicate with the person sending the notice or consult any attorney or seek legal aid. The legislative purpose in enacting subdivisions (d) and (e) is fully set forth in Weinstein v Gitters (119 Misc 2d 122), and need not be repeated here. The issue, here, is whether a CPLR 5222 (subd [e]) notice is required in order to maintain a CPLR 5227 turnover proceeding.
At the outset, it should be noted that the CPLR 5222 restraining notice and the CPLR 5227 turnover proceeding are designed to perform different functions and are mutually exclusive. The restraining notice is designed to prevent a garnishee or other person from disposing of the judgment debtor’s property pending a levy by the Sheriff or court order. A CPLR 5227 proceeding is designed to obtain such a court order but there is no requirement that a restraining notice be served in order to maintain that proceeding or obtain the turnover order. In light of this analysis a cogent argument can be made that Weinstein v Gitters (supra) was decided incorrectly and that the turnover proceeding was not defective. However, without addressing the question of whether such a proceeding is “defective” in all cases, this court holds that when a restraining notice is served on a garnishee a CPLR 5227 proceeding against that garnishee may not be maintained if the judgment creditor did not comply with CPLR 5222 (subd [d]) with respect to that restraining notice. This court holds that in such case the judgment creditor must plead and prove compliance with subdivision (d). To hold other *511 wise would serve to emasculate the protection afforded to judgment debtors by the CPLR 5222 (subd [e]) notice.[3]
Our further point should be noted. In the instant proceeding the respondents defaulted while in Weinstein v Gitters (supra), the judgment debtors appeared and defended the proceeding. Since this court has held that the judgment creditor must plead and prove compliance with CPLR 5222 (subd [d]) the apparent distinction is nonexistent.
In light of the foregoing, the court, sua sponte, withdraws its decision of September .29, 1983 and dismisses the petition without prejudice to renewal upon a showing of compliance with CPLR 5222 (subd [d]).
Petitioner is given leave to serve a new restraining notice and comply with CPLR 5222 (subd [d]).
The petition is dismissed, without costs.

. The judgment debtor himself is not a necessary party to this proceeding. CPLR 5227 only requires that he be given notice of the proceeding, which may be done by certified mail, return receipt requested. Since the account is also in Marianne Flaherty’s name she is a necessary party (Bergdorf Goodman, Inc. v Marine Midland Bank, 97 Misc 2d 311), although there is authority to the contrary (Matter of Ruvolo v Long Is. R. R. Co., 45 Misc 2d 136, 146).

. These are in addition to the exemptions provided in CPLR 5205.

. The holding in this case is limited to the facts herein. No opinion is expressed with respect to other possible combinations, e.g., a restraining notice is served on garnishee “A” without compliance with CPLR 5222 (subd [d]) but a turnover proceeding is brought against garnishee “B” who has not been served with a restraining notice.