OPINION OF THE COURT
David Friedman, J.
Defendants, husband and wife, were tenants of the claimants in Brooklyn, New York. A dispute arose regarding the payment of rent as a result of which the claimants commenced this small claims action for $1,700. After a trial on April 28, 1992 before another Judge of this court the claimants were awarded a judgment for the amount sued.
In an effort to collect the judgment, the claimants retained an attorney who served an information subpoena dated June 9, 1992 upon the First Nationwide Bank. In response to the information subpoena the bank stated that defendant wife maintained three custodial accounts for her children, all opened before commencement of this small claims litigation. On June 25, 1992 claimants’ attorney served an execution with notice to garnishee upon the Sheriff in order to collect the judgment from the money maintained in the custodial accounts.
At this point First Nationwide Bank wrote to the defendants and advised them of the restraining notice and execution. The defendants, who had already filed a notice of appeal from the judgment and sought to stay its enforcement, relief which the Appellate Term denied, moved in this court by order to show cause to vacate the restraining notice and execution served upon the bank and for an award of $10,200 in damages based upon wrongful execution. The defendants also sought sanctions against the claimants and their attorney. In support of their motion they contend that the claimants failed to comply with the service requirements of CPLR 5222 and 5232 as to the restraining notice and execution respectively. The defendants argue further that in any event a custodial account is not subject to execution in order to satisfy a judgment against the custodian. In response to the motion the claimants cross-move for an order allowing them to serve *297 a second restraining notice on the bank in the event the first one is stricken.
CPLR 5222 (d) provides in pertinent part as follows: "(d) Notice to judgment debtor. If a notice in the form prescribed in subdivision (e) has not been given to the judgment debtor within a year before service of a restraining notice, a copy of the restraining notice together with the [subdivision (e)] notice to judgment debtor shall be mailed by first class mail or personally delivered to each judgment debtor who is a natural person within four days of the service of the restraining notice.”
Pursuant to CPLR 5222 (e), the notice to judgment debtor required by subdivision (d) is to state,
"Money or property belonging to you may have been taken or held in order to satisfy a judgment which has been entered against you * * *
"you may be able to get your money back.
"State and federal laws prevent certain money or property from being taken to satisfy judgments * * *
"If you think that any of your money that has been taken or held is exempt, you must act promptly because the money may be applied to the judgment. If you claim that any of your money that has been taken or held is exempt, you may contact the person sending this notice.
"Also, YOU MAY CONSULT AN ATTORNEY”.
CPLR 5232 (c) provides for a similar concept stating, "(c) Notice to judgment debtor. Where an execution does not state that a notice in the form presented by subdivision (c) [this should read (e)] of section fifty-two hundred twenty-two of this chapter has been duly served upon the judgment debtor within a year, the sheriff shall, not later than four days after service of the execution upon any garnishee, mail by first class mail, or personally deliver, to each judgment debtor who is a natural person, a copy of the execution together with such notice.”
Thus CPLR 5222 and 5232 require that a notice complying with CPLR 5222 (e) be served upon a judgment debtor. It is uncontroverted that the instant judgment debtors, that is the defendants, were never served with this notice. The issue therefore resolves itself into the impact of such failure.
The circumstances of this case present this issue in a manner which creates a difficult dilemma. There is little *298 question that the defendants suffered no prejudice from the failure since they timely learned from First Nationwide Bank of the attempt to collect the accounts. Having learned of the attempt, the defendants commenced legal proceedings to prevent the collection. Moreover, one of the primary aims of CPLR 5222 (e) is to apprise a judgment debtor to seek legal advice while here one of the judgment debtors is an attorney who is representing himself as well as his codebtor. Finally the applicable statutes provide no guidance as to the remedy for noncompliance. These factors juxtaposed with the concern of encouraging the payment or satisfaction of money judgments provide a strong basis for disregarding the failure to serve the debtor defendants with the notice called for by CPLR 5222 (e).
There is, however, another countervailing factor which overwhelms these considerations. CPLR 5222 (d) and (e) as well as CPLR 5232 (c) reflect a legislative attempt to comply with constitutional due process requirements vis-á-vis the enforcement of judgments (Deary v Guardian Loan Co., 534 F Supp 1178; Siegel, 1982 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C5222:11, Pocket Part, at 57-58; C5232:5, Pocket Part, at 107-108). Thus the failure to meet these notice requirements, that is to advise a judgment debtor that his property may be exempt from application to a judgment, involves a fundamental due process right to which the presence or absence of prejudice would seem to be irrelevant. Stated otherwise, the failure to comply with CPLR 5222 and 5232 necessitates vacating the restraining notice and/or execution (see, Weinstein v Gitters, 119 Misc 2d 122).[1]
This outcome might ordinarily have no dramatic practical impact since allowance of the relief sought by the cross motion would obviate its effect. In other words the judgment creditor would merely serve a new restraining notice and execution in compliance with CPLR 5222 and 5232 before the first restraining notice lapsed. Such possibility brings to the fore the other issue raised by defendants, that is whether a *299 custodial account may be seized in order to satisfy a judgment against the custodian.
The subject custodial accounts find their statutory authorization in EPTL article 7. Section 7-4.2 (a) provides that, “(a) An adult may, during his lifetime, make a gift of * * * money to a person who is a minor on the date of the gift”.
EPTL 7-4.3 (a) states "(a) A gift made in a manner prescribed by this part is irrevocable and conveys to the minor indefeasibly vested legal title to the * * * money given”.
As to custodial obligations insofar as pertinent here, EPTL 7-4.4 (b) provides, "(b) The custodian shall pay over to the minor for expenditure by him, or expend for the minor’s benefit, so much of or all the custodial property as the custodian deems advisable for the support, maintenance, education and benefit of the minor in the manner, at the time and to the extent that the custodian in his discretion deems suitable and proper”.
The principle that emerges from this statutory framework is that the custodian has enormous discretion as to the expenditure of these funds. This broad discretion might furnish some basis for concluding that a judgment creditor should be allowed to pursue custodial funds in order to satisfy a judgment against the custodian. This is the argument claimants make in seeking to reach the funds. It is not, however, one which can bear scrutiny. The EPTL unequivocally provides that title to the custodial funds is vested in the child for whose benefit it was established. Thus the children and not defendant wife are the owners of the funds in the accounts. It follows that the funds may not be seized in order to satisfy a judgment against the defendants.
It is true that there may be exceptions to this scenario. If it is shown that the account was established by the custodian for a fraudulent purpose and with the aim of shielding his assets from application to a judgment it is possible to have the transfer evidenced by the account set aside (Debtor and Creditor Law §§ 278, 279).[2] Suffice it to say that claimants have failed to come forward with any evidence or even an allega *300 tion that the custodial accounts had a fraudulent basis. Hence, there are no grounds to set aside the custodial account nor is there even a need in the posture of this case for a factual hearing on the subject.
In sum, defendants’ motion to vacate the restraint and execution must be granted because of claimants’ failure to comply with CPLR 5222 and 5232. The cross motion seeking leave to serve a second restraining notice on the bank must also be denied since it seeks to restrain accounts which are not the debtors’ property. Insofar as defendants’ motion seeks damages and sanctions it is denied since defendants have not established that they have suffered any damages or that sanctionable conduct has occurred.

. Claimants argue that CPLR 5232 imposes a duty upon the Sheriff to serve notice on the judgment debtor and if the notice was not served they should not be penalized for the failure. To the extent this argument is meritorious it does not change the outcome here. Where the notice has not been served neither a restraint nor an execution should stand regardless of where the blame lies.

. Similarly, as between the donor and donee a custodial transfer may be voided if the donor establishes that there was a lack of donative intent when the account was opened. This issue of intent would be determinative where the donor is contesting the right of the infant donee to keep the funds in a custodial account. An example of a situation where the lack of donative intent might permit a donor to keep the funds would be if a donor intends to bestow a gift upon one child, but not that child’s sibling, and by mistake, *300 perhaps clerical, the wrong name is inscribed on the bank account (Gordon v Gordon, 70 AD2d 86).