◼ In the Matter of KITSON & KITSON, Respondent, v CITY OF YONKERS et al., Respondents. LAWRENCE H. BLOOM, Intervenor-Appellant-Respondent; PETER G. MCKIERNAN, Intervenor-Respondent-Appellant; MARY JOAN MCKIERNAN, Nonparty Respondent. (Proceeding No. 1.) In the Matter of LAWRENCE H. BLOOM, Appellant-Respondent, v CITY OF YONKERS et al., Respondents. PETER G. MCKIERNAN, Intervenor-Respondent-Appellant; MARY JOAN MCKIERNAN, Nonparty Respondent. (Proceeding No. 2.) [835 NYS2d 670]—

In two related turnover proceedings pursuant to CPLR 5225 (b) and 5227 to compel the City of Yonkers and City of Yonkers Police Officer Vincent Starkey to turn over the settlement proceeds of an action commenced by Peter G. McKiernan against them in the United States District Court for the Southern District of New York under docket No. 97 Civ 05524 (RCC), Lawrence H. Bloom appeals, as limited by his brief, from so much of an amended judgment of the Supreme Court, Westchester County (Nicolai, J.), entered June 3, 2005, as, upon an order of the same court entered February 25, 2005, inter alia, granting the petition of Kitson & Kitson, now doing business as Kitson, Kitson & Bisesto, LLP, in proceeding No. 1 to the extent of awarding the sum of $10,720 to Mary Joan McKiernan, the sum of $16,080 to Mary Joan McKiernan as co-trustee of a trust established for the benefit of Ryan McKiernan, and the sum of $80,400 plus accrued interest from June 3, 1997, to Mary Joan

McKiernan, and denying his petition for the turnover of the settlement proceeds to him in proceeding No. 2, is in favor of Mary Joan McKiernan and against the City of Yonkers and City of Yonkers Police Officer Vincent Starkey in the sum of $91,120 plus accrued interest on the sum of $80,400 from June 3, 1997, is in favor of Mary Joan McKiernan as co-trustee of a trust established for the benefit of Ryan McKiernan and against the City of Yonkers and Yonkers Police Officer Vincent Starkey in the sum of $16,080, and is in favor of the City of Yonkers and City of Yonkers Police Officer Vincent Starkey and against him dismissing his petition, and Peter G. McKiernan cross-appeals, as limited by his brief, from so much of the same amended judgment as is in favor of Mary Joan McKiernan and against the City of Yonkers and City of Yonkers Police Officer Vincent Starkey in the sum of $91,120 plus accrued interest on the sum of $80,400 from June 3, 1997, and is in favor of Mary Joan McKiernan as co-trustee of a trust established for the benefit of Ryan McKiernan and against the City of Yonkers and City of Yonkers Police Officer Vincent Starkey in the sum of $16,080.

Ordered that the amended judgment is modified, on the law, (1) by deleting so much of the fifth decretal paragraph thereof as awarded the sum of $80,400 plus accrued interest from June 3, 1997 to Mary Joan McKiernan, and substituting therefor a provision awarding the sum of $80,400 plus accrued interest from June 3, 1997 to Lawrence H. Bloom, and (2) by deleting so much of the sixth decretal paragraph thereof as dismissed the petition of Lawrence H. Bloom in proceeding No. 2, and substituting therefor a provision granting that petition; as so modified, the amended judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs to Lawrence H. Bloom payable by Kitson & Kitson, now doing business as Kitson, Kitson & Bisesto, LLP, and Mary Joan McKiernan, and by Peter G. McKiernan, appearing separately and filing separate briefs, and the order entered February 25, 2005, is modified accordingly.

On a prior appeal in these proceedings, this Court remitted the matter to the Supreme Court, Westchester County, for a determination of whether an enforceable execution was delivered on behalf of Mary Joan McKiernan (hereinafter Mary) and/or her minor child (see Matter of Kitson & Kitson v City of Yonkers, 10 AD3d 21 [2004]). Upon remittitur, the Supreme Court erred in determining that Mary delivered an enforceable execution to the persons upon whom service was required.

Neither Mary nor her counsel made a showing that the requisite notice of execution was given to the judgment debtor,

Peter G. McKiernan (hereinafter McKiernan). The failure to serve a CPLR 5222 (d) or 5232 (c) notice upon McKiernan rendered the execution ineffective (*see Friedman v Mayerhoff*, 156 Misc 2d 295 [1992]; *Chemical Bank v Flaherty*, 121 Misc 2d 509 [1983]; *Weinstein v Gitters*, 119 Misc 2d 122 [1983]). Furthermore, Mary and her counsel failed to show that service of execution was made upon the garnishees City of Yonkers and City of Yonkers Police Officer Vincent Starkey in the same manner as a summons, as required by CPLR 5232 (a). Moreover, in contravention of the statutory requirements, Mary's execution does not contain the correct date on which the judgment in her favor and against McKiernan was entered, and does not state the correct amount remaining due on the judgment (*see* CPLR 5230 [a]).

Mary's execution is not only ineffective, but she did not establish her priority over the execution served by attorney Lawrence H. Bloom. Mary's levy expired and became void 90 days after purported service of the execution, since she failed to move to extend the levy (*see* CPLR 5232 [a]; *New York State Commr. of Taxation & Fin. v Bank of New York*, 275 AD2d 287 [2000]). While executions for child support have priority over any other assignment, levy, or process (*see* CPLR 5234 [b]), the evidence submitted to the Supreme Court upon remittitur established that no child support remains owing pursuant to the underlying judgment in favor of Mary. Therefore, Bloom's execution has priority over Mary's execution, and his petition should have been granted.

The parties' remaining contentions are without merit. Schmidt, J.P., Mastro, Carni and Dickerson, JJ., concur.