GTR Source, LLC v Zomongo.TV USA, Inc. (2025 NY Slip Op 05223)

GTR Source, LLC v Zomongo.TV USA, Inc.

2025 NY Slip Op 05223

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2023-00879
 (Index No. 531/18)

[*1]GTR Source, LLC, respondent,
v Zomongo.TV USA, Inc., etc., et al., appellants.

Colonna Cohen Law, PLLC, Brooklyn, NY (Ashlee Colonna Cohen of counsel), for appellants.
Terenzi & Confusione, P.C., Garden City, NY (Ronald M. Terenzi of counsel), for respondent.

DECISION & ORDER
Appeal by the defendants from an order of the Supreme Court, Nassau County (Conrad D. Singer, J.), dated December 28, 2022. The order, insofar as appealed from, denied that branch of the defendants' motion which was for leave to renew their prior motion to vacate an execution and levy upon a bank account held by BMO Harris Bank, N.A., to satisfy a judgment by confession dated May 10, 2018, and thereupon to direct the plaintiff to pay restitution to the defendants in an amount equal to all monies paid by BMO Harris Bank, N.A., pursuant to the execution and levy, which had been denied in an order of the same court (Helen Voutsinas, J.) dated March 30, 2022, and, upon reargument, adhered to the determination in the order dated March 30, 2022.
ORDERED that the order dated December 28, 2022, is affirmed insofar as appealed from, with costs.
The Nassau County Clerk issued a judgment by confession dated May 10, 2018, in favor of the plaintiff and against the defendants in the total sum of $1,297,132.60. The judgment by confession was based upon the defendants' alleged default under the terms of a merchant agreement between them and the plaintiff. Pursuant to an execution and levy against a bank account held by BMO Harris Bank, N.A. (hereinafter BMO), the plaintiff collected the full amount of the judgment by confession and filed a satisfaction of judgment with the Nassau County Clerk on June 15, 2018.
Approximately three years later, the defendants moved to vacate the execution and levy and thereupon to direct the plaintiff to pay restitution to the defendants in an amount equal to all monies paid by BMO pursuant to the execution and levy. The defendants argued, inter alia, that the execution and levy was improperly served in violation of CPLR 5232(a), which requires personal service by a New York City marshal, thereby rendering the execution and levy void ab initio. In an order dated March 30, 2022, the Supreme Court denied the defendants' motion due to, among other things, the defendants' failure to submit a copy of the execution and levy or any evidence as to who the execution and levy was served upon and where it was served. The defendants appealed from that order, but the appeal was deemed dismissed for failure to prosecute after the deadline to perfect the [*2]appeal expired on March 13, 2023.
In the meantime, the defendants moved for leave to reargue and renew their prior motion to vacate the execution and levy and thereupon to direct the plaintiff to pay restitution. In seeking leave to renew, the defendants argued, inter alia, that at the time of their prior motion, they did not have a copy, and could not obtain a copy, of the execution and levy. In seeking leave to reargue, the defendants argued, among other things, that the Supreme Court misconstrued the facts in determining that the defendants failed to provide any admissible evidence as to where BHO's bank account was located. In an order dated December 28, 2022, the court, inter alia, denied that branch of the defendants' motion which was for leave to renew and, upon reargument, adhered to the determination in the order dated March 30, 2022, denying the defendants' prior motion. The defendants appeal.
"A motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (id. § 2221[e][3]; see 1KB & MS, LLC v Happy Living Constr., LLC, 228 AD3d 604, 606; Caracciolo v SHS Ralph, LLC, 226 AD3d 865, 866). "The Supreme Court has no discretion to grant renewal where the moving party omits a reasonable justification for the failure to present the new facts on the original motion" (Neeman v Smith, 227 AD3d 818, 820). "[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Matter of Polak v MTA Long Is. R.R., 230 AD3d 500, 503 [internal quotation marks omitted]). Here, the defendants did not provide a reasonable justification, among other things, for failing to submit a copy of the execution and levy or any evidence as to how and where the execution and levy was served when they made their initial factual presentation in support of their prior motion, inter alia, to vacate the execution and levy (see Seror v Clearview Operating Co., LLC, 235 AD3d 1023, 1025; Matter of Polak v MTA Long Is. R.R., 230 AD3d at 503). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for leave to renew their prior motion.
"As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so" (PennyMac Corp. v Nicolosi, 185 AD3d 711, 712; see Bray v Cox, 38 NY2d 350, 353). Since the defendants appealed from a portion of an order superseding the prior order appealed from at a time before the prior appeal was deemed dismissed, we exercise our discretion to consider such issues on this appeal (see Thorpe v One Page Park, LLC, 208 AD3d 818, 820).
CPLR article 52 sets forth procedures for the enforcement of money judgments in New York (see Cruz v TD Bank, N.A., 22 NY3d 61, 66). A judgment creditor may utilize the enforcement devices provided under CPLR article 52 to enforce a judgment (see generally Flagstar Bank, FSB v State of New York, 114 AD3d 138, 145). CPLR 5232 supplies the methods for levying and execution against a judgment debtor's personal property, including bank accounts (see Richard C. Reilly, Prac Commentaries, McKinney's Cons Laws of NY, CPLR C5232:1). CPLR 5232(a) requires that service of an execution and levy on a garnishee of a judgment debtor must be "in the same manner as a summons" (see Matter of Kitson & Kitson v City of Yonkers, 40 AD3d 758, 760). New York City Civil Court Act § 1609 permits a City marshal to serve an execution and levy only upon entities within the City.
CPLR 5240 states that a court "may at any time, on its own initiative or the motion of any interested person, and upon such notice as it may require, make an order denying, limiting, conditioning, regulating, extending or modifying the use of any enforcement procedure." "'CPLR 5240 grants the courts broad discretionary power to control and regulate the enforcement of a money judgment under article 52 to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts'" (Plymouth Venture Partners, II, L.P. v GTR Source, LLC, 37 NY3d 591, 600 [internal quotation marks omitted], quoting Guardian Loan Co. v Early, 47 NY2d 515, 519; see Distressed Holdings, LLC v Ehrler, 113 AD3d 111, 120).
Here, the defendants failed to meet their prima facie burden of demonstrating entitlement to relief from the execution and levy pursuant to CPLR article 52. While the defendants sought relief from the execution and levy based upon the circumstances by which the City marshal served it upon BMO, the defendants failed to substantiate those circumstances with competent evidence thereof in their initial motion paper submissions.
Additionally, while there is no concrete temporal limitation for the initiation of a CPLR 5240 proceeding, which is mostly equitable in nature, such relief should be pursued within a reasonable time after the injury is incurred (see Plymouth Venture Partners, II, L.P. v GTR Source, LLC, 37 NY3d 591; Cruz v TD Bank, N.A., 22 NY3d at 76 n 4). Further, laches is "an equitable bar, based on a lengthy neglect or omission to assert a right and the resulting prejudice to an adverse party" (Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 816). "Laches is applicable where there has been a considerable delay resulting in a change of position, intervention of equities, loss of evidence, or other disadvantages" (O'Dette v Guzzardi, 204 AD2d 291, 292; see Skrodelis v Norbergs, 272 AD2d 316, 317). Here, the defendants offered no explanation for why they waited approximately three years since the judgment by confession was satisfied by the execution and levy to seek relief pursuant to CPLR article 52. During that time, the plaintiff's position had changed. Under such circumstances, laches bars the relief sought by the defendants under CPLR article 52.
Accordingly, the Supreme Court, upon reargument, properly adhered to the determination denying the defendants' motion to vacate the execution and levy and thereupon to direct the plaintiff to pay restitution to the defendants in an amount equal to all monies paid by BMO pursuant to the execution and levy.
MILLER, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court