FOURTH DEPARTMENT, MARCH, 2002

(March 15, 2002)

■ BRUCE A. McDANIEL, Respondent, v FISCHIONE CONSTRUCTION CO., INC., Defendant and Third-Party Plaintiff-Respondent. KEITH RAMSEY DRYWALL SERVICES, INC., Third-Party Defendant-Appellant. [739 NYS2d 513] —Appeal from an order of Supreme Court, Erie County (Gorski, J.), entered April 16, 2001, which, inter alia, granted plaintiff's cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: Supreme Court properly granted plaintiff's cross motion for partial summary judgment pursuant to Labor Law § 240 (1). Plaintiff, an employee of third-party defendant, Keith Ramsey Drywall Services, Inc. (Ramsey), was installing drywall in a room with a cathedral ceiling in a home owned by defendant and third-party plaintiff, Fischione Construction

Co., Inc. (Fischione). He was injured when he fell to the floor from atop two stacked drywall "walk-ups" that "fell out" from beneath him. (Walk-ups are metal saddle horse benches with adjustable legs.) Fischione had a nondelegable duty to plaintiff to "furnish or erect * * * scaffolding * * * ladders * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (Labor Law § 240 [1]). Plaintiff established his entitlement to judgment on liability under Labor Law § 240 (1) as a matter of law by showing that the walk-ups failed to perform their function of supporting him (*see, Smith v Pergament Enters. of S.I.,* 271 AD2d 870, 871-872), and it cannot be said that the failure of the walk-ups to give proper protection was not a proximate cause of plaintiff's injuries (*cf., Weininger v Hagedorn & Co.,* 91 NY2d 958, 960, *rearg denied* 92 NY2d 875). Although Fischione presented evidence that plaintiff had been told not to use the stacked walk-ups, the court properly determined that plaintiff was not a recalcitrant worker. That defense does not apply where, as here, plaintiff allegedly was "instructed to avoid an unsafe practice" (*Akins v Central N.Y. Regional Mkt. Auth.,* 275 AD2d 911, 912; *see, Salotti v Wellco,* 273 AD2d 862).

Finally, we conclude that the court properly granted the motion of Fischione seeking summary judgment on its claim for common-law indemnification against Ramsey. Fischione established as a matter of law that it exercised only general supervisory authority over the work site (*see, Niethe v Palombo,* 283 AD2d 967, 968; *Colyer v K Mart Corp.,* 273 AD2d 809, 810).

All concur except Burns, J., who dissents in part and votes to modify in accordance with the following memorandum.

Burns, J. (dissenting in part). I respectfully dissent in part. In my view, Supreme Court erred in granting plaintiff's cross motion for partial summary judgment on liability pursuant to Labor Law § 240 (1). Even assuming, arguendo, that plaintiff met his initial burden on the cross motion, I conclude that defendant and third-party defendant, Keith Ramsey Drywall Services (Ramsey), raised an issue of fact whether the actions of plaintiff were the sole proximate cause of his injuries (*see, Weininger v Hagedorn & Co.,* 91 NY2d 958, 960, *rearg denied* 92 NY2d 875; *see also, Sopha v Combustion Eng'g,* 261 AD2d 911, 911-912). According to Ramsey's foreman, he never instructed or advised plaintiff to stand on the walk-ups and in fact specifically instructed plaintiff not to use stacked walk-ups as a work platform. In addition, it is uncontested that, at the time of plaintiff's accident, there was a scaffold, a step ladder

and an extension ladder present in the room where plaintiff was working. I therefore would modify the order by denying plaintiff's cross motion. Present—Pigott, Jr., P.J., Pine, Wisner, Burns and Lawton, JJ.