■ WAYNE BORLAND et al., Respondents, v SAMPSON STEEL FABRICATORS, INC., et al., Appellants, and PIKE COMPANY, INC., Respondent. [747 NYS2d 634] —Appeal from an order of Supreme Court, Oswego County (Nicholson, J.), entered July 11, 2001, which, inter alia, granted plaintiffs' motion seeking partial summary judgment on the Labor Law § 240 (1) claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the cross motion of defendants Sampson Steel Fabricators, Inc. and Sampson Steel Fabricators, LLC seeking summary judgment dismissing the Labor Law § 241 (6) claim against them and dismissing that claim against them and by denying the cross motion of defendant The Pike Company, Inc. in its entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this negligence and Labor Law action against defendants, Sampson Steel Fabricators, Inc., Sampson Steel Fabricators, LLC (collectively, Sampson), and The Pike Company, Inc. (Pike), seeking damages for personal injuries they sustained while working on the Wilson Magnet High School Addition Project (Project). Sampson was the prime contractor for structural steel work for the Project, and Pike was the construction manager for the Project. Sampson hired plaintiffs' employer as a subcontractor. On the day of the accident, a 110-foot-long joist, or beam, was moved by a crane and set on top of other beams. Plaintiffs were instructed to climb onto the joist to unhook it from the crane. After unhooking the joist, plaintiffs began to move in order to climb from the joist. The joist started to tip, and it then fell approximately 30 feet, landing on beams on a lower floor. Plaintiffs remained on top of the joist as it fell and were injured when the joist landed. Plaintiffs were then thrown from the joist and were suspended from their lanyards, a few feet from the ground.

Supreme Court properly granted plaintiffs' motion seeking partial summary judgment on the Labor Law § 240 (1) claim, thereby denying that part of Sampson's cross motion seeking summary judgment dismissing that claim against Sampson. Under Labor Law § 240 (1), Sampson, as general contractor, was required to "furnish or erect * * * scaffolding, * * * ladders * * * and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." In this case, the joist upon which plaintiffs were positioned "is a device that is 'functionally similar' to a scaffold or ladder and thus 'fall[s] within the statutory coverage' " (*Primavera v Benderson Family 1968 Trust,* 294 AD2d 923, 924), and plaintiffs established that their injuries "w[ere] proximately caused by the failure of a safety device to afford [them] proper protection from an elevation-related risk" (*Raczka v Nichter Util. Constr. Co.,* 272 AD2d 874, 874; *see McDaniel v Fischione Constr. Co.,* 292 AD2d 759, 760).

The court properly denied as premature, without prejudice and with leave to renew, that part of Sampson's cross motion seeking summary judgment dismissing the Labor Law § 200 claim and common-law negligence cause of action against Sampson. Where, as here, a defect arises from the subcontractor's methods, a general contractor is not liable under Labor Law § 200 or for common-law negligence where it had no supervisory control over the work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Miller v Wilmorite, Inc.*, 231 AD2d 843, 843-844). In opposition to Sampson's cross motion, plaintiffs' attorney averred that dismissal of that claim and cause of action would be premature because Sampson possessed pertinent facts essential to justify plaintiffs' opposition to such dismissal, i.e., whether Sampson had any control over plaintiffs' work, and plaintiffs had not yet deposed a representative of Sampson (*see 562 Eglinton v Merlo*, 277 AD2d 1027; *see also Kozdranski v O'Brien-Kreitzberg & Assoc.*, 265 AD2d 916; *see generally* CPLR 3212 [f]).

The court erred, however, in denying that part of Sampson's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim against Sampson. Plaintiffs failed to set forth any specific Industrial Code regulations allegedly violated by Sampson to support the Labor Law § 241 (6) claim (*cf. Adams v Glass Fab*, 212 AD2d 972, 973). We reject plaintiffs' contention that dismissal of the section 241 (6) claim is also premature. Plaintiffs failed to establish that facts essential to justify opposition to that part of the cross motion were within Sampson's knowledge or control (*see Santangelo v Fluor Constructors Intl.*, 266 AD2d 893, 894; *Adams*, 212 AD2d at 974).

Contrary to Sampson's contention, the contractual indemnification provision requiring Sampson to indemnify Pike is not unenforceable under General Obligations Law § 5-322.1 merely because Pike could be found negligent. "Without a finding of negligence on the part of [Pike], General Obligations Law § 5-322.1's prohibition against indemnifying a contractor for its own negligence is inapplicable" (*Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 179; *see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786, 795 n 5, *rearg denied* 90 NY2d 1008; *Lazzaro v MJM Indus.*, 288 AD2d 440, 441; *Ring v Bristol Bldrs.*, 272 AD2d 877, 878; *Buccini v 1568 Broadway Assoc.*, 250 AD2d 466, 468). We agree with Sampson, however, that the court erred in granting that part of Pike's cross motion for summary judgment seeking a conditional order of contractual indemnification against Sampson. Pike failed to es-

tablish as a matter of law that it was not negligent (*see Potter v M.A. Bongiovanni, Inc.*, 271 AD2d 918, 919; *Reynolds v County of Westchester,* 270 AD2d 473, 474).

We modify the order, therefore, by granting that part of Sampson's cross motion seeking summary judgment dismissing the Labor Law § 241 (6) claim against Sampson and dismissing that claim against Sampson and by denying Pike's cross motion in its entirety. Present—Pigott, Jr., P.J., Hayes, Hurlbutt, Kehoe and Lawton, JJ.