■ JENNY I. PEREZ et al., Respondents, v RENEE L. WICK-MAN et al., Appellants. (Appeal No. 2.) [747 NYS2d 832] —Appeal from an order of Supreme Court, Monroe County (Polito, J.), entered March 21, 2001, which granted plaintiff's motion for partial summary judgment on the issue of liability and dismissed defendant's second affirmative defense of failure to wear a seat belt.

■ JENNY I. PEREZ et al., Respondents, v RENEE L. WICK-MAN et al., Appellants. (Appeal No. 1.) [747 NYS2d 832] —Appeal from an order of Supreme Court, Monroe County (Polito, J.), entered June 22, 2001, which granted plaintiffs' motion for summary judgment on the issue of serious injury and denied defendants' cross motion.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion and cross motion are denied.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jenny I. Perez (plaintiff) when a motor vehicle owned by defendant Scott Wickman and driven by Renee L. Wickman (defendant) struck the vehicle driven by plaintiff. Plaintiffs moved for partial summary judgment on the issue of liability and sought dismissal of defendants' second affirmative defense of failure to wear a seat belt. By its order in appeal No. 2, Supreme Court granted plaintiffs' motion, determining that defendant crossed into plaintiff's lane of travel and that the accident occurred through no fault of plaintiff. Plaintiffs thereafter moved for summary judgment on the issue of serious injury and defendants cross-moved for summary judgment dismissing the complaint on the ground that plaintiff failed to meet the serious injury threshold. By its order in appeal No. 1, the court granted plaintiffs' motion and denied defendants' cross motion, determining that plaintiffs established that plaintiff sustained a serious injury within three of the categories set forth in section 5102 (d) of the Insurance Law.

The failure of the parties to support their respective motions

and cross motion with a copy of the complaint filed in the action requires denial of the motions and cross motion (*see* CPLR 3212 [b]; *D.J. Enters. of WNY v Benderson,* 294 AD2d 825), regardless of the merits (*see Niles v County of Chautauqua,* 285 AD2d 988, 989). However, defendants on appeal do not contend that the court erred in dismissing their second affirmative defense, and thus we do not disturb that part of the order in appeal No. 2 dismissing that affirmative defense (*see Ciesinski v Town of Aurora,* 202 AD2d 984). Were we to reach the merits of that part of plaintiffs' motion seeking partial summary judgment on the issue of liability and the merits of plaintiffs' motion and defendants' cross motion with respect to the issue of serious injury, we would conclude that they lack merit and should have been denied. We therefore reverse the order in appeal No. 1 and deny plaintiffs' motion and defendants' cross motion, and we modify the order in appeal No. 2 by denying that part of plaintiffs' motion seeking partial summary judgment on the issue of liability. Present—Pine, J.P., Hayes, Kehoe, Gorski and Lawton, JJ.