*894 Appeal and cross appeal from an order of Supreme Court, Erie County (Glownia, J.), entered May 20, 2002, which, inter alia, denied the motion of defendant City of Buffalo Sewer Authority seeking summary judgment dismissing the complaint against it.
It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action in 1983 alleging that defendants were negligent in excavating and relocating parts of the sewer system in the City of Buffalo in connection with plaintiffs development of a light rail transit system. Defendant City of Buffalo Sewer Authority (BSA) contracted with defendant O’Brien & Gere Engineers, Inc. (O’Brien) to design and create specifications for the project, and BSA contracted with defendant Freeway Contracting Co., Inc. (Freeway) to excavate and relocate the sewer lines. Plaintiff alleges that the substructure of the transit system was adversely affected as a *895 result of defendants’ negligence, thereby causing damage to the integrity and operation of the surface section of the transit system.
Supreme Court properly denied the motion of BSA seeking summary judgment dismissing the complaint against it based on plaintiffs alleged failure to serve a timely notice of claim. Although BSA met its initial burden on the motion by establishing that the notice of claim was served more than 90 days after the date on which damage occurred (see General Municipal Law § 50-e [1] [a]; see generally Kronos, Inc. v AVX Corp., 81 NY2d 90, 94 [1993]), we conclude that plaintiff raised an issue of fact with respect to the date of that damage, i.e., the date on which the subsurface voids occurred and the track bed was thereby detrimentally affected (see generally Zuckerman v City of New York, 49 NY2d 557, 562).
We reject the contention of plaintiff and Freeway that BSA is barred by the doctrine of law of the case from litigating the issue concerning the timeliness of service of the notice of claim. The court determined in 1989 that the proper party was served and, in the context of that determination, the court stated that the notice of claim was timely served. The issue with respect to the timeliness of service was not essential to the court’s determination that the proper party was served, however, and the parties did not have a full and fair opportunity to litigate the issue of timeliness of the service (see Wright v Rite Aid of N.Y. [appeal No. 2], 288 AD2d 834, 835 [2001]).
We further conclude that the court properly denied BSA’s cross motion seeking conditional orders of contractual and common-law indemnification from O’Brien and Freeway. Pursuant to its contract with BSA, O’Brien is obligated to indemnify BSA for BSA’s liability resulting from O’Brien’s negligence. BSA failed to meet its initial burden of establishing that O’Brien was negligent and thus failed to establish its entitlement to judgment as a matter of law on its cross claims seeking contractual and common-law indemnification from O’Brien (see generally Zuckerman, 49 NY2d at 462). With respect to Freeway, we note that the contract between BSA and Freeway provided for indemnification of BSA regardless of whether BSA or Freeway was negligent. The contractual indemnification provision is unenforceable if BSA was itself negligent, however, and BSA failed to establish as a matter of law that it was not negligent (see General Obligations Law § 5-322.1 [1]; Borland v Sampson Steel Fabricators, 298 AD2d 831, 833-834 [2002]). Nor is BSA entitled to a conditional order of common-law indemnification from Freeway. Plaintiff did not allege that BSA is vicari *896 ously liable for the damages sought and, in any event, BSA failed to meet its initial burden of establishing that it was not negligent (see Edgewater Constr. Co. v 81 & 3 of Watertown, 252 AD2d 951, 952-953 [1998], lv denied 92 NY2d 814 [1998]).
Finally, we conclude that the court properly denied the motion of O’Brien seeking summary judgment dismissing the complaint and the cross claims of BSA and Freeway against it. Contrary to the contention of O’Brien, plaintiff may seek recovery from O’Brien based on O’Brien’s alleged affirmative acts of negligence even in the absence of privity of contract between plaintiff and O’Brien (see generally World Trade Knitting Mills v Lido Knitting Mills, 154 AD2d 99, 105-106 [1990]). With respect to the complaint and the cross claims of BSA, O’Brien failed to establish that it was not negligent in the design of the specifications used by Freeway and thus failed to establish its entitlement to judgment dismissing the complaint or those cross claims (see Zuckerman, 49 NY2d at 562). With respect to the cross claim of Freeway, O’Brien failed to include the answer of Freeway in support of its motion, and that failure requires denial of that part of the motion with respect to Freeway (see CPLR 3212 [b]; see generally Perez v Wickman [appeal No. 1], 298 AD2d 873, 873-874 [2002]). Present—Pine, J.P, Hurlbutt, Scudder and Hayes, JJ.