■ FREDA MARIE McGUIRE et al., Respondents-Appellants, v PARTIES, PICNICS & PROMOTIONS, et al., Appellants-Respondents and Third-Party Plaintiffs-Respondents-Appellants. BOARD OF EDUCATION OF THE BALDWINSVILLE CENTRAL SCHOOL DISTRICT, Third-Party Defendant-Appellant-Respondent. [845 NYS2d 629]—

Appeal and cross appeals from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered September 29, 2006 in a personal injury action. The order, insofar as appealed and cross-appealed from, denied those parts of the motion of defendants and third-party plaintiffs for summary judgment dismissing the complaint and for summary judgment on the third-party complaint and granted in part and denied in part the motion of third-party defendant for summary judgment dismissing the third-party complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying the motion of third-party defendant in its entirety and reinstating the contractual indemnification cause of action in its entirety and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Freda Marie McGuire (plaintiff), an employee of Baldwinsville Central School District (District), while she was volunteering at a dance held in the junior high school gymnasium. Plaintiff was injured when a vest harness ripped from a student operating a bungee run, causing the bungee cord to release and the cord and/or metal fastener affixed to the vest to strike plaintiff's face. Defendants and third-party plaintiffs (defendants), the owners of the bungee run who leased it to the District, commenced a third-party action seeking common-law and contractual indemnification from third-party defendant, the Board of Education of the Baldwinsville Central School District (Board). Defendants moved for, inter alia, summary judgment dismissing the complaint and for summary judgment on the third-party complaint, and the Board moved for summary judgment dismissing the third-party complaint. Supreme Court, inter alia, denied those parts of defendants' motion for summary judgment with respect to the complaint and third-party complaint and granted the Board's motion in part by limiting the contractual indemnification cause of action to exclude any negligence on defendants' part.

The court properly denied defendants' motion with respect to the complaint in the main action. Although we conclude that the employee of the District who signed the "invoice/contract" (contract) leasing the bungee run from defendants did not have actual authority to bind the District with respect to that

contract (*see generally Pyramid Champlain Co. v Brosseau & Co.*, 267 AD2d 539, 544 [1999], *lv denied* 94 NY2d 760 [2000]), there is an issue of fact on the record before us whether the employee had apparent authority to do so (*see generally Ford v Unity Hosp.*, 32 NY2d 464, 472-473 [1973]). "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction. The agent cannot by his own acts imbue himself with apparent authority" (*Hallock v State of New York*, 64 NY2d 224, 231 [1984]). Here, although defendants did not submit any evidence of direct contact with the Board in connection with the rental of the bungee run in question, it is undisputed that defendants previously had entered into similar contracts with employees of the District.

We further conclude, however, that the court erred in granting the Board's motion in part with respect to contractual indemnification by limiting that cause of action to exclude any negligence on defendants' part, and we therefore modify the order accordingly. The indemnification provision in the contract unequivocally expresses an intent to indemnify defendants against their own negligence (*see Niagara Frontier Transp. Auth. v Tri-Delta Constr. Corp.*, 107 AD2d 450, 451 [1985], *affd for reasons stated* 65 NY2d 1038 [1985]; *see also Willard Van Dyke Prods. v Eastman Kodak Co.*, 12 NY2d 301, 304 [1963]) and, thus, in the event that it is determined that the District's employee had apparent authority to bind the District with respect to the contract, the contractual indemnification provision will be valid and enforceable in its entirety.

Finally, the court properly denied those parts of defendants' motion and the Board's motion with respect to common-law indemnification. There is an issue of fact whether plaintiff sustained a grave injury within the meaning of Workers' Compensation Law § 11 (*see generally Castro v United Container Mach. Group*, 96 NY2d 398, 400-401 [2001]). In the event that it is determined that plaintiff sustained a grave injury, there are further issues of fact concerning the respective fault of the parties (*see generally Niagara Frontier Transp. Auth. v City of Buffalo Sewer Auth.*, 1 AD3d 893, 895-896 [2003]; *Colyer v K Mart Corp.*, 273 AD2d 809, 810 [2000]). Present—Scudder, P.J., Martoche, Lunn, Peradotto and Green, JJ.