Venegas v Shymer (2022 NY Slip Op 00459)





Venegas v Shymer


2022 NY Slip Op 00459


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-14778
 (Index No. 30446/16)

[*1]Oscar Venegas, appellant-respondent, 
v
Breuer Shymer, defendant, 3 Merrick, LLC, et al., respondents-appellants; Salamon's Home Improvements, Inc., etc., third-party defendant-respondent (and a second third-party action).


Omrani & Taub, P.C., New York, NY (San Razzano and James L. Forde of counsel), for appellant-respondent.
Craig P. Curico, Middletown, NY (Deborah J. Bookwalter of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and 3 Merrick, LLC, and Shefa Construction, Inc., cross-appeal, from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated November 28, 2018. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against 3 Merrick, LLC, Shefa Construction, Inc., and Salamon's Home Improvements, Inc., and granted that branch of the motion of Salamon's Home Improvements, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against 3 Merrick, LLC, and Shefa Construction, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
3 Merrick, LLC (hereinafter Merrick), as the owner of certain real property, hired Shefa Construction, Inc. (hereinafter Shefa), to construct a two-family dwelling on the property to be used by Merrick for investment purposes. Thereafter, Shefa hired Salamon's Home Improvements, Inc. (hereinafter Salamon), to frame the dwelling. The plaintiff, in the course of his employment as a construction worker with a nonparty subcontractor, allegedly was injured while working at the construction site when he fell approximately 25 to 30 feet while installing a prefabricated roof truss.
The plaintiff commenced this personal injury action against, among others, Merrick [*2]and Shefa, alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). Shefa commenced a third-party action against Salamon.
The plaintiff moved, inter alia, for summary judgment on the issue of liability on the Labor Law §§ 240(1) and 241(6) causes of action insofar as asserted against Merrick, Shefa, and Salamon. Salamon moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it. In an order dated November 28, 2018, the Supreme Court, inter alia, denied the plaintiff's motion and granted Salamon's motion. The plaintiff appeals.
"Labor Law § 240(1) imposes a nondelegable duty upon owners and contractors to provide or cause to be furnished certain safety devices for workers at an elevated work site, and the absence of appropriate safety devices constitutes a violation of the statute as a matter of law" (Treu v Cappelletti, 71 AD3d 994, 997 [internal quotation marks omitted]). In general "to succeed on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must establish a violation of the statute and that such violation was a proximate cause of his or her resulting injuries" (id. at 997).
Here, the plaintiff made a prima facie showing of his entitlement to judgment as matter of law on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Merrick and Shefa by demonstrating that his injuries were proximately caused by the failure of Merrick and Shefa to provide him with appropriate safety devices that could have prevented his fall (see e.g. Vetrano v J. Kokolakis Contr., Inc., 100 AD3d 984, 985-986; Borland v Sampson Steel Fabricators, 298 AD2d 831, 832). In opposition, Merrick and Shefa failed to raise a triable issue of fact as to whether a statutory violation occurred, or whether the plaintiff's actions were the sole proximate cause of his injuries. Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Merrick and Shefa.
However, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 241(6) cause of action insofar as asserted against Merrick, Shefa, and Salamon. The Labor Law § 241(6) cause of action was premised on alleged violations of 12 NYCRR 23-1.16 and 23-1.17, which set standards for safety belts and similar items, and for life nets, respectively. Those standards are inapplicable here because the plaintiff, according to his own deposition testimony, was not provided with any safety devices (see Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616, 619). Thus, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action insofar as asserted against Merrick, Shefa, and Salamon regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff's remaining contentions are without merit (see Eliassian v G.F. Constr., Inc., 190 AD3d 947).
DILLON, J.P., HINDS-RADIX, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court