Mejia v 69 Mamaroneck Rd. Corp. (2022 NY Slip Op 01449)





Mejia v 69 Mamaroneck Rd. Corp.


2022 NY Slip Op 01449


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-10893
 (Index No. 63575/17)

[*1]Roger Mejia, appellant, 
v
69 Mamaroneck Road Corp., et al., respondents (and a third-party action).


Gorayeb & Associates, P.C., New York, NY (John M. Shaw of counsel), for appellant.
Richard E. Hershenson, New York, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated July 11, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained when he fell through an open hole in a roof that was cut for the installation of a chimney. At the time of the accident, the plaintiff, a roofer, was working on an inclined portion of the roof. He was wearing a safety harness that was attached to a rope. A coworker asked for the plaintiff's assistance on another portion of the roof. In order to reach the coworker, the plaintiff walked up the incline to a flat portion of the roof , where he untied his safety harness from the rope, which did not extend to the area where his colleague was working. The flat portion of the roof was covered with a black ice and water shield, which prevented the plaintiff from seeing the hole that had been cut for the chimney. While walking on the flat portion of the roof, the plaintiff fell into the hole.
The plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). In an order dated July 11, 2019, the Supreme Court found that there were triable issues of fact as to whether the plaintiff's action in unhooking his safety harness from the rope was the sole proximate cause of his injuries, and, therefore, denied that branch of the motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The court further found that the defendants had violated the provision of the Industrial Code which requires that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing" (12 NYCRR § 23-1.7[b][1][i]), and, in effect, that this violation was a proximate cause of the plaintiff's injuries. The court, therefore, granted that branch of the motion [*2]which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6). The plaintiff appeals from the denial of that branch of his motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action.
"Labor Law § 240 (1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; see Labor Law § 240[1]; Rocovich v Consolidated Edison Co., 78 NY2d 509, 512-513). "The legislative purpose behind this enactment is to protect workers by placing ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractor, instead of on workers, who are scarcely in a position to protect themselves from accident" (Rocovich v Consolidated Edison Co., 78 NY2d at 513 [citation and internal quotation marks omitted]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500; Zimmer v Chemung County Performing Arts, 65 NY2d 513, 520). The statute "is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed" (Rocovich v Consolidated Edison Co., 78 NY2d at 513 [internal quotation marks omitted]), and, it, therefore, imposes "absolute liability for a breach which has proximately caused an injury. Negligence, if any, of the injured worker is of no consequence" (id.; see Zimmer v Chemung County Performing Arts, 65 NY2d at 521-522).
Here, the plaintiff established, prima facie, that Labor Law § 240(1) was violated and that the violation was a proximate cause of his injuries. The undisputed evidence established that the plaintiff was exposed to the elevation-related risk of the hole that was cut into the roof, that the hole through which the plaintiff fell was uncovered and unguarded, and that the location of the hole was concealed by an ice and water shield. The plaintiff established that the absence of protective equipment covering or guarding the hole was a proximate cause of his injuries. Indeed, in granting summary judgment on the issue of liability on the Labor Law § 241(6) cause of action, the Supreme Court found that the defendants failed to cover or guard the hole as required by the Industrial Code, and that such failure was a proximate cause of the plaintiff's injuries. "[W]hen the evidence establishes the absence of any safety devices . . . the statutes' [Labor Law § 240(1)] clear dictates have not been met. . . If proximate cause is established, the responsible parties have failed, as a matter of law, to 'give proper protection'" (Zimmer v Chemung County Performing Arts, 65 NY2d at 524 [citations omitted], quoting Labor Law § 240[1]).
In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact as to whether there was a statutory violation and whether the plaintiff's own conduct was the sole proximate cause of the accident (see Batista v Manhattanville Coll., 28 NY3d 1093, 1094; Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433-434; Munzon v Victor at Fifth, LLC, 161 AD3d 1183). Since the plaintiff established a violation of the statute and that the violation was a proximate cause of his fall, the plaintiff's comparative negligence, if any, is not a defense to the Labor Law § 240(1) cause of action (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287; Garzon v Viola, 124 AD3d 715, 716-717; Moniuszko v Chatham Green, Inc., 24 AD3d 638, 638-639). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court