Santos v Leeward Living, LLC (2025 NY Slip Op 04671)

Santos v Leeward Living, LLC

2025 NY Slip Op 04671

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
PHILLIP HOM, JJ.

2022-02458
 (Index No. 520570/17)

[*1]Jose Santos, respondent, 
v
Leeward Living, LLC, et al., appellants, et al., defendant (and third-party actions).

Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Tarrytown, NY (John L. Overland, Jr., of counsel), for appellant Leeward Living, LLC.
O'Connor Reed Orlando LLP, Port Chester, NY (LaWanda M. Geter of counsel) for appellant Breezy Point Cooperative, Inc.
The Weinstein Law Group, PLLC, New York, NY (Rudolf B. Radna and Steven M. Weinstein of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Leeward Living, LLC, and Breezy Point Cooperative, Inc., appeal from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated March 24, 2022. The order granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(b)(1)(i), 23-1.15, and 23-1.16 insofar as asserted against those defendants.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.15 and 23-1.16 insofar as asserted against the defendants Leeward Living, LLC, and Breezy Point Cooperative, Inc., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In November 2016, while working on scraping and disposing of excess insulation in an attic of a house under construction (hereinafter the subject property), the plaintiff allegedly fell through a hole in the attic floor. The defendant Leeward Living, LLC (hereinafter Leeward), was the general contractor on the construction project. The subject property was located on land owned by the defendant Breezy Point Cooperative, Inc. (hereinafter Breezy Point), and was intended to serve as a single-family residence for Breezy Point shareholders.
The plaintiff thereafter commenced the instant action against Leeward and Breezy Point (hereinafter together the defendants), among others, to recover damages for personal injuries, asserting, among other things, causes of action alleging violations of Labor Law §§ 240(1) and [*2]241(6). After the note of issue was filed, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.7(b)(1)(i), 23-1.15, and 23-1.16 insofar as asserted against the defendants. The defendants opposed the motion. In an order dated March 24, 2022, the Supreme Court granted the plaintiff's motion. The defendants appeal.
Labor Law § 240(1) "imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards" (Fuentes v 257 Toppings Path, LLC, 225 AD3d 746, 748; see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). Labor Law § 241(6) generally requires "'owners and contractors and their agents for such work, except owners of one and two-family dwellings who contract for but do not direct or control the work,' to 'provide reasonable and adequate protection and safety' for workers and to comply with specific safety rules promulgated by the Commissioner of the Department of Labor" (Guryev v Tomchinsky, 20 NY3d 194, 198-199, quoting Labor Law § 241[6]). Pursuant to Labor Law §§ 240(1) and 241(6), "[l]iability rests upon the fact of ownership and whether [the owner] had contracted for the work or benefitted from it are legally irrelevant" (Gordon v Eastern Ry. Supply, 82 NY2d 555, 560; see Sanatass v Consolidated Inv. Co., Inc., 10 NY3d 333, 340). However, "ownership of the premises where the accident occurred—standing alone—is not enough to impose liability under Labor Law § 241(6) where the property owner did not contract for the work resulting in the plaintiff's injuries; that is, ownership is a necessary condition, but not a sufficient one" (Morton v State of New York, 15 NY3d 50, 56). Thus, the Court of Appeals "ha[s] insisted on some nexus between the owner and the worker, whether by a lease agreement or grant of an easement, or other property interest" (id. [internal quotation marks omitted]; see Sanatass v Consolidated Inv. Co., Inc., 10 NY3d at 341; Gordon v Eastern Ry. Supply, 82 NY2d at 560).
Here, the plaintiff established, prima facie, that Breezy Point was an "owner" for purposes of Labor Law §§ 240(1) and 241(6). It is undisputed that Breezy Point is a cooperative and, thus, the fee owner of the property on which the accident occurred, and that the Breezy Point shareholders, including the shareholder who contracted for the work being performed on the subject property, owned their homes based on their status as a shareholder in Breezy Point and pursuant to a proprietary lease entered into by them and Breezy Point. Additionally, as testified to by Breezy Point's former general manager, prior to commencing construction work on their properties, shareholders were required to submit applications to Breezy Point's engineering department for review and authorization. A Breezy Point representative would also visit the work site on a periodic basis once work was underway to inspect the overall conditions of the property. Once the job was complete, Breezy Point had to approve the completion of a job. This evidence established a sufficient nexus between the plaintiff and Breezy Point (see DeSabato v 674 Carroll St. Corp., 55 AD3d 656, 658; Pineda v 79 Barrow St. Owners Corp., 297 AD2d 634, 635-636). Moreover, the plaintiff established, prima facie, that Breezy Point was not entitled to the homeowners' exemption under Labor Law §§ 240(1) and 241(6) (see DeSabato v 674 Carroll St. Corp., 55 AD3d at 658). In opposition, the defendants failed to raise a triable issue of fact.
Additionally, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants. The plaintiff's evidence established that he was exposed to an elevation-related risk by virtue of the uncovered, unguarded opening in the attic floor (see Fuentes v 257 Toppings Path, LLC, 225 AD3d at 748; Zoto v 259 W. 10th, LLC, 189 AD3d 1523, 1524), that the defendants did not provide a safety device to protect the plaintiff from that hazard, and that the failure to provide proper protection proximately caused the plaintiff's injuries (see Fuentes v 257 Toppings Path, LLC, 225 AD3d at 748; Rodriguez v Waterfront Plaza, LLC, 207 AD3d 489, 490; Yiming Zhou v 828 Hamilton, Inc., 173 AD3d 943, 944-945).
In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact as to whether there was a statutory violation and whether the plaintiff's own conduct was the sole proximate cause of his accident (see Mejia v 69 Mamaroneck Rd. Corp., 203 AD3d 815, 817; Munzon v Victor at Fifth, LLC, 161 AD3d 1183, 1185). Inasmuch as the plaintiff [*3]established a violation of Labor Law § 240(1) that was a proximate cause of the injury, the plaintiff's comparative negligence, if any, is not a defense to the cause of action alleging a violation of Labor Law § 240(1) (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287; Guaman-Sanango v 57 E. 72nd Corp., 227 AD3d 677, 679; Mejia v 69 Mamaroneck Rd. Corp., 203 AD3d at 817-818). Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants.
"To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that [their] injuries were proximately caused by the violation of a regulation that sets forth a specific standard of conduct" (Toalongo v Almarwa Ctr., Inc., 202 AD3d 1128, 1131-1132; see St. Louis v Town of N. Elba, 16 NY3d 411, 414). Here, the cause of action alleging a violation of Labor Law § 241(6) was predicated on alleged violations of 12 NYCRR 23-1.7(b)(1)(i), which requires that "[e]very hazardous opening into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing," and 12 NYCRR 23-1.15 and 23-1.16, which, respectively, set standards for safety railings and for safety belts and similar devices.
The plaintiff demonstrated, prima facie, that the defendants violated Labor Law § 241(6) by failing to provide a substantial cover or safety railing for the hole in the attic floor in accordance with 12 NYCRR 23-1.7(b)(1)(i) and that this violation was a proximate cause of the accident (see Fuentes v 257 Toppings Path, LLC, 225 AD3d at 749; Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613, 615-616). In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff was the sole proximate cause of the accident. Moreover, "[a]ny comparative negligence on the part of the plaintiff does not preclude liability founded upon a violation of Labor Law § 241(6)" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 719; see Wein v East Side 11th & 28th, LLC, 186 AD3d 1579, 1581).
However, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on alleged violations of 12 NYCRR 23-1.15 and 23-1.16 insofar as asserted against the defendants. Those Industrial Code provisions are inapplicable here because the plaintiff, according to his own deposition testimony, was not provided with any safety devices (see Venegas v Shymer, 201 AD3d 1001, 1003, Kwang Ho Kim v D & W Shin Realty Corp., 47 AD3d 616, 619). Thus, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.15 and 23-1.16.
The defendants' remaining contention is without merit.
Accordingly, we modify the order so as to deny that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.15 and 23-1.16 insofar as asserted against the defendants.
MILLER, J.P., DOWLING, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court