O'Donnell v Rocklyn Ecclesiastical Corp. (2025 NY Slip Op 06714)

O'Donnell v Rocklyn Ecclesiastical Corp.

2025 NY Slip Op 06714

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-06946
 (Index No. 505392/19)

[*1]William O'Donnell, appellant, 
v
Rocklyn Ecclesiastical Corp., et al., respondents.

Pazer Epstein Jaffe Fein & Gozenput, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jack Lockwood], of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York, NY (Ira E. Goldstein, Iryna S. Krauchanka, and Kevin G. Faley of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Caroline P. Cohen, J.), dated March 28, 2024. The order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(b)(1).
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(b)(1) is granted.
On July 25, 2018, the plaintiff allegedly was injured while performing work at a school building construction site in Brooklyn. According to the plaintiff, he was directed to retrieve lumber located next to a trench on the site that was approximately 10 feet deep when the trench caved in and collapsed, thereby causing him to fall and sustain injuries.
The plaintiff commenced this action to recover damages for personal injuries against the entities that owned, leased, or controlled the construction site, as well as the general contractor. Thereafter, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(b)(1). In an order dated March 28, 2024, the Supreme Court denied the motion. The plaintiff appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (Guaman v 178 Ct. St., LLC, 200 AD3d 655, 657; see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; Medina v 1277 Holdings, LLC, 234 AD3d 839, 841). "To prevail on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must show, prima facie, that the defendant violated the statute and that such violation was a proximate cause of his or her injuries" (Lochan v H & H Sons Home Improvement, Inc., 216 AD3d 630, 632). "Although [*2]comparative fault is not a defense to the strict liability of the statute, where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1)" (Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160, 1162; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40).
Here, the plaintiff demonstrated, prima facie, that the defendants violated Labor Law § 240(1) by failing to provide the plaintiff with an adequate safety device and that this violation was a proximate cause of his injuries (see Fuentes v 257 Toppings Path, LLC, 225 AD3d 746, 749; Mejia v 69 Mamaroneck Rd. Corp., 203 AD3d 815, 817). The plaintiff testified at his deposition and a hearing pursuant to General Municipal Law § 50-h that he was directed to retrieve lumber next to a trench that was approximately 10 feet deep, unshored, and without planking, barricades, or guardrails at its edge, and that he fell and sustained injuries when the ground caved in while he was near the trench. Photographs submitted in support of the motion showed that the trench was uncovered and that there were no guardrails or other protective measures in the immediate vicinity of the trench.
In opposition, the defendants failed to raise a triable issue of fact as to whether the plaintiff's conduct was the sole proximate cause of his injures. Although the plaintiff testified at his deposition that he was wearing sneakers instead of construction boots at the time of the accident, any potential comparative negligence arising from this fact is not a defense to a Labor Law § 240(1) cause of action (see Fuentes v 257 Toppings Path, LLC, 225 AD3d at 748; Mejia v 69 Mamaroneck Rd. Corp., 203 AD3d at 817-818).
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Aragona v State of New York, 147 AD3d 808, 809 [internal quotation marks omitted]). "To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that his or her injuries were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Wittenberg v Long Is. Power Auth., 225 AD3d 730, 733). Here, the Labor Law § 241(6) cause of action was predicated, inter alia, on a violation of 12 NYCRR 23-1.7(b)(1), "which mandates that holes or hazardous openings at construction sites into which a person may step or fall be guarded by a substantial cover fastened in place or by the installation of a safety railing" (Ortiz v 164 Atl. Ave., LLC, 77 AD3d 807, 809-810 [alteration and internal quotation marks omitted]; see Fuentes v 257 Toppings Path, LLC, 225 AD3d at 749).
The plaintiff demonstrated, prima facie, that the defendants violated Labor Law § 241(6) by failing to provide a substantial cover or safety railing for the trench in accordance with 12 NYCRR 23-1.7(b)(1) and that this violation was a proximate cause of the plaintiff's injuries (see Fuentes v 257 Toppings Path, LLC, 225 AD3d at 749; Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d 727, 728). In opposition, the defendants failed to raise triable issues of fact as to whether 12 NYCRR 23-1.7(b)(1) was violated and whether such violation was a proximate cause of the plaintiff's injuries (see Fuentes v 257 Toppings Path, LLC, 225 AD3d at 749; Ortiz v 164 Atl. Ave., LLC, 77 AD3d at 810).
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(b)(1).
BARROS, J.P., FORD, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court