Zoto v 259 W. 10th, LLC (2020 NY Slip Op 07949)





Zoto v 259 W. 10th, LLC


2020 NY Slip Op 07949


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2019-00076
 (Index No. 507879/15)

[*1]Erdion Zoto, appellant-respondent,
v
259 West 10th, LLC, respondent, Klaracon, LLC, respondent-appellant (and third-party actions).


The Cakani Law Firm, P.C., New York, NY (Ylli Cakani of counsel), for appellant-respondent.
Pillinger Miller Tarallo, Elmsford, NY (Patrice M. Coleman of counsel), for respondent-appellant.
Crafa & Sofield, P.C., Garden City, NY (Thomas Sofield of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for violation of Labor Law § 240(1), the plaintiff appeals, and the defendant Klaracon, LLC, cross-appeals, from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated November 9, 2018. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The order, insofar as cross-appealed from, denied that branch of the cross motion of the defendant Klaracon, LLC, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs awarded to the defendant 259 West 10th, LLC, payable by the plaintiff.
In June 2015, the plaintiff commenced this action alleging, inter alia, common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6) in connection with injuries he alleges he sustained when he was working on an apartment renovation in a building owned by the defendant 259 West 10th, LLC. The defendant Klaracon, LLC (hereinafter Klaracon), was the general contractor for the renovations. The plaintiff alleged that, in November 2014, he was working as an employee of the third-party defendant, which was responsible for fabricating and installing glass shower doors in the bathrooms and a glass balustrade in the living room to create an enclosure around a large opening in the living room floor. According to the plaintiff, he fell through that opening to the basement below because the defendants had failed to adequately secure the opening in the floor. The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and Klaracon cross-moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated November 9, 2018, the Supreme Court, inter alia, denied the plaintiff's motion and Klaracon's cross motion. The plaintiff appeals from so much of the order as denied his motion for summary judgment on the issue of [*2]liability on the cause of action alleging a violation of § Labor Law 240(1), and Klaracon cross-appeals from so much of the order as denied that branch of its cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it. We affirm.
Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500). The purpose of the statute is to protect workers from the "pronounced risks arising from construction work site elevation differentials" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501). The protections of the statute are implicated where a worker's "task creates an elevation-related risk of the kind that the safety devices listed in section 240(1) protect against" (Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681). Liability is contingent upon "the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein" (Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267; see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97). In order to recover under section 240(1), the plaintiff must establish that the statute was violated and that such violation was a proximate cause of his or her injury (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433). Where a plaintiff's own actions are the sole proximate cause of the accident, there can be no liability (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290).
Contrary to the defendants' contention, the risk of falling into an unprotected hole in a floor is a type of elevation related risk within the purview of protection of Labor Law § 240(1) (see Nasuro v PI Assoc., LLC, 49 AD3d 829, 831; Brandl v Ram Bldrs., Inc., 7 AD3d 655, 655). However, we agree with the Supreme Court's determination denying the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and that branch of Klaracon's cross motion which was for summary judgment dismissing that cause of action insofar as asserted against it. Given the discrepancies in the deposition testimony of the parties concerning the location and nature of the work the plaintiff was performing prior to, and at the time of, the accident, there are triable issues of fact as to whether the plaintiff's tasks required him to be in the living room area in proximity to the opening and whether he was engaged in the type of activity protected by Labor Law § 240(1) at the time of the accident (see e.g. Ramsey v Leon D. DeMatteis Constr. Corp., 79 AD3d 720, 722; Rookwood v Hyde Park Owners Corp., 48 AD3d 779, 781; Garlow v Chappaqua Cent. School Dist., 38 AD3d 712, 714). Accordingly, neither the plaintiff nor the defendants met their prima facie burden of establishing entitlement to judgment as a matter of law on the cause of action to recover damages for violation of Labor Law § 240(1) (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court