Thorpe v One Page Park, LLC (2022 NY Slip Op 05053)

Thorpe v One Page Park, LLC

2022 NY Slip Op 05053

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.

2020-00497
 (Index No. 381/17)

[*1]Lorenzo Thorpe, appellant, 
v
One Page Park, LLC, et al., respondents.

Arkady Frekhtman, Brooklyn, NY, for appellant.
Gallo Vitucci Klar, LLP, New York, NY (Jeffrey L. Richman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated January 6, 2020. The order, insofar as appealed from, in effect, upon reargument, adhered to a prior determination in an order of the same court dated August 28, 2019, granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant One Page Park, LLC, and denying that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against the defendant One Page Park, LLC.
ORDERED that the order dated January 6, 2020, is modified, on the law, by deleting the provision thereof, in effect, upon reargument, adhering to the determination in the order dated August 28, 2019, granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant One Page Park, LLC, and substituting therefor a provision, upon reargument, vacating that determination in the order dated August 28, 2019, and thereupon, denying that branch of the motion; as so modified, the order dated January 6, 2020, is affirmed insofar as appealed from, without costs or disbursements.
On July 8, 2016, the plaintiff allegedly was injured in the course of his employment at a construction site. The defendant One Page Park, LLC (hereinafter Page), was the owner of the property and contracted the defendant A-W Coon & Sons, Inc. (hereinafter Coon), to perform excavation work on the site, among other things. The plaintiff, an employee of a nonparty temporary staffing agency, reported to work for Coon and was working on the site when, in the course of installing stakes and caution tape around an open pit, the ground beneath his foot gave way, and he fell into the pit, allegedly sustaining injuries. According to the plaintiff, the pit was 14 to 16 feet deep.
The plaintiff commenced this personal injury action against Page and Coon, asserting causes of action alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The defendants moved for summary judgment dismissing the complaint. The plaintiff cross-moved, inter alia, for summary judgment on the issue of liability on the causes of action alleging [*2]violations of Labor Law §§ 240(1) and 241(6). In an order dated August 28, 2019, the Supreme Court granted the defendants' motion and denied the plaintiff's cross motion.
On August 29, 2019, the plaintiff filed a notice of appeal from the order dated August 28, 2019. On March 2, 2020, the plaintiff's appeal from that order was deemed dismissed pursuant to 22 NYCRR 1250.10(a) for failure to prosecute.
In the meantime, in September 2019, the plaintiff moved, inter alia, for leave to reargue his opposition to that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Page and that branch of his cross motion which was for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6) insofar as asserted against Page. In an order dated January 6, 2020, the Supreme Court, inter alia, in effect, upon reargument, adhered to the determination in the order dated August 28, 2019, granting that branch of the defendants' motion and denying that branch of the plaintiff's cross motion. The plaintiff appeals from the order dated January 6, 2020.
"As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so" (PennyMac Corp. v Nicolosi, 185 AD3d 711, 712, citing Faricelli v TSS Seedman's, 94 NY2d 772, 774; see Bray v Cox, 38 NY2d 350, 353). Since the plaintiff appealed from an order superseding the prior order appealed from at a time before the prior appeal was deemed dismissed, we exercise that discretion here.
"Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards" (Zoto v 259 W. 10th, LLC, 189 AD3d 1523, 1524, citing Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 500). Section 240(1) protects workers from the "pronounced risks arising from construction work site elevation differentials" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501). "The protections of the statute are implicated where a worker's 'task creates an elevation-related risk of the kind that the safety devices listed in section 240(1) protect against'" (Zoto v 259 W. 10th, LLC, 189 AD3d at 1524, quoting Broggy v Rockefeller Group, Inc., 8 NY3d 675, 681). "Liability is contingent upon 'the existence of a hazard contemplated in section 240(1) and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein'" (Zoto v 259 W. 10th, LLC, 189 AD3d at 1524, quoting Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267; see Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 97). To recover under section 240(1), the plaintiff must demonstrate that a violation of section 240(1) proximately caused his or her injury (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433; Zoto v 259 W. 10th, LLC, 189 AD3d at 1524). There can be no liability where a plaintiff's own actions are the sole proximate cause of the accident (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290; Zoto v 259 W. 10th, LLC, 189 AD3d at 1524).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 240(1) cause of action insofar as asserted against Page. Contrary to the defendants' contention, the risk of falling into a 16-foot pit on an excavation site is a type of elevation-related risk within the purview of protection of Labor Law § 240(1) (see Covey v Iroquois Gas Transmission Sys., 89 NY2d 952, 953-954). Furthermore, the defendants failed to establish, prima facie, that the plaintiff's negligence was the sole proximate cause of his injuries. The deposition testimony of the plaintiff and the foreman, which were submitted in support of the defendants' motion, contain conflicting testimony raising a triable issue of fact as to whether the plaintiff received instructions not to stand within five feet of the pit. The defendants also did not establish, prima facie, that the installation of a protective device "would have been contrary to the objectives of the work" (Salazar v Novalex Contr. Corp., 18 NY3d 134, 140; see Ross v DD 11th Ave., LLC, 109 AD3d 604, 605). Accordingly, the Supreme Court, upon reargument, should have denied that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 240(1) cause of action insofar as asserted against Page, regardless of the sufficiency of the plaintiff's opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of Page's liability under Labor Law § 240(1). In opposition, the foreman's deposition testimony that he instructed the plaintiff not to go within five feet of the pit raised a triable issue of fact as to whether a violation of Labor Law § 240(1) was a proximate cause of the plaintiff's accident (see Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1168; Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339-340). Accordingly, the Supreme Court, in effect, upon reargument, properly adhered to the prior determination denying that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against Page.
The plaintiff's remaining contentions are not properly before this Court.
DILLON, J.P., DUFFY, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court