Mushkudiani v Racanelli Constr. Group, Inc. (2023 NY Slip Op 04209)

Mushkudiani v Racanelli Constr. Group, Inc.

2023 NY Slip Op 04209

Decided on August 9, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-01064
 (Index No. 502931/17)

[*1]Koba Mushkudiani, respondent, 
v
Racanelli Construction Group, Inc., et al., appellants, et al., defendants.

Pheterson Spatorico LLP, Rochester, NY (Steven A. Lucia of counsel), for appellants.
Wingate, Russotti, Shapiro, Moses & Halperin, LLP, New York, NY (David M. Schwarz and William P. Hepner of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Racanelli Construction Group, Inc., X & Y Development Group, LLC, and Fleet Financial Group, Inc., appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated December 22, 2020. The order, insofar as appealed from, upon reargument, in effect, vacated an order of the same court dated June 23, 2020, denying the plaintiff's motion for summary judgment on the issue of liability against the defendants Racanelli Construction Group, Inc., X & Y Development Group, LLC, and Fleet Financial Group, Inc., and thereupon granted the motion.
ORDERED that the order dated December 22, 2020, is modified, on the law, by deleting the provision thereof, upon reargument, in effect, vacating the determination in the order dated June 23, 2020, denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against the defendants Racanelli Construction Group, Inc., X & Y Development Group, LLC, and Fleet Financial Group, Inc., and thereupon granting that branch of the motion, and substituting therefor a provision, upon reargument, adhering to the determination in the order dated June 23, 2020, denying that branch of the motion; as so modified, the order dated December 22, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly was injured when he fell through a hole in the 18th floor of a construction site. At the time of the incident, the plaintiff was preparing to load a window onto a dolly when he stepped on a piece of plywood covering the hole, which collapsed.
The plaintiff thereafter commenced this action to recover damages for personal injuries against, among others, the defendants Racanelli Construction Group, Inc., X & Y Development Group, LLC, and Fleet Financial Group, Inc. (hereinafter collectively the defendants), alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The plaintiff moved for summary judgment on the issue of liability on all four causes of action insofar as asserted against the defendants. In an order dated June 23, 2020, the Supreme Court denied the plaintiff's motion. The plaintiff thereafter moved for leave to reargue his motion for summary judgment. In an order dated December 22, 2020, the court granted leave to reargue and, upon reargument, granted the plaintiff's prior motion in its entirety. The defendants appeal from the order dated December 22, 2020.
The Supreme Court, upon reargument, properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action insofar as asserted against the defendants. "Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards" (Thorpe v One Page Park, LLC, 208 AD3d 818, 820 [internal quotation marks omitted]; see Davies v Simon Prop. Group, Inc., 174 AD3d 850, 853; Carlton v City of New York, 161 AD3d 930, 931; Guallpa v Canarsie Plaza, LLC, 144 AD3d 1088, 1090). "The protections of the statute are implicated where a worker's task creates an elevation-related risk of the kind that the safety devices listed in section 240(1) protect against" (Thorpe v One Page Park, LLC, 208 AD3d at 820 [internal quotation marks omitted]). "To recover under section 240(1), the plaintiff must demonstrate that a violation of section 240(1) proximately caused his or her injury" (id.; see Gordon v Eastern Ry. Supply, 82 NY2d 555, 559; Doto v Astoria Engergy II, LLC, 129 AD3d 660, 661). "The collapse of a scaffold or ladder for no apparent reason while a plaintiff is engaged in an activity enumerated under the statute creates a presumption that the ladder or scaffold did not afford proper protection" (Cruz v Roman Catholic Church of St. Gerard Magella in Borough of Queens in the City of N.Y., 174 AD3d 782, 783). "Although comparative fault is not a defense to the strict liability of the statute, where the plaintiff is the sole proximate cause of his or her own injuries, there can be no liability under Labor Law § 240(1). A plaintiff may be the sole proximate cause of his or her own injuries when, acting as a 'recalcitrant worker,' he or she misuses an otherwise proper safety device, chooses to use an inadequate safety device when proper devices were readily available, or fails to use any device when proper devices were available" (Lojano v Soiefer Bros. Realty Corp., 187 AD3d 1160, 1162 [citations omitted]; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40).
Here, the plaintiff established, prima facie, that he was exposed to an elevation risk within the ambit of Labor Law § 240(1) and that the inadequately covered hole was a proximate cause of his injuries (see Davies v Simon Prop. Group, Inc., 174 AD3d at 853; Carlton v City of New York, 161 AD3d at 931). In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, the plaintiff's failure to attach his harness to an anchor was not the sole proximate cause of his injuries, as there was no evidence that he was required to use his harness in the interior area of the 18th floor where the accident occurred (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 39-40; Lojano v Soiefer Bros. Realty Corp., 187 AD3d at 1162-1163).
The Supreme Court also properly, upon reargument, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 241(6) cause of action insofar as asserted against the defendants. Labor Law § 241(6) requires that construction sites be conducted so "as to provide reasonable and adequate protection and safety to [*2]persons employed therein" (Nucci v County of Suffolk, 204 AD3d 817, 819 [internal quotation marks omitted]). "To prevail on a cause of action under section 241(6), a plaintiff must establish a violation of a specific safety regulation promulgated by the Commissioner of the Department of Labor" (Davies v Simon Prop. Group, Inc., 174 AD3d at 853; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505).
Here, the Labor Law § 241(6) cause of action is premised on a violation of Industrial Code (12 NYCRR) § 23-1.7(b)(1)(i), "which mandates that holes or 'hazardous openings' at construction sites 'into which a person may step or fall' be 'guarded by a substantial cover fastened in place or by [the installation of] a safety railing'" (Ortiz v 164 Atl. Ave., LLC, 77 AD3d 807, 809-810). The plaintiff established, prima facie, that the defendants violated Labor Law § 241(6) by failing to provide a substantial cover over the hole in accordance with 12 NYCRR 23-1.7(b)(1)(i). In opposition, the defendants failed to raise a triable issue of fact. Contrary to the defendants' contention, 12 NYCRR 23-1.7(b)(1)(i) is sufficiently specific to support a cause of action under Labor Law § 241(6) (see Ortiz v 164 Atl. Ave., LLC, 77 AD3d at 810; Uluturk v City of New York, 298 AD2d 233, 234; Brechue v Town of Wheatfield, 241 AD2d 935, 936).
The Supreme Court, however, erred in, upon reargument, granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 200 and common-law negligence causes of action insofar as asserted against the defendants. "Labor Law § 200 codifies the common-law duty . . . to provide employees with a safe place to work" (Rodriguez v HY 38 Owner, LLC, 192 AD3d 839, 841 [internal quotation marks omitted]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 505). Labor Law § 200 "applies to owners, contractors, and their agents" (Rodriguez v HY 38 Owner, LLC, 192 AD3d at 841). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (id. [internal quotation marks omitted]; see Chowdhury v Rodriguez, 57 AD3d 121, 129; Ortega v Puccia, 57 AD3d 54, 61). "[W]hen a claim arises out of an alleged dangerous premises condition, a property owner or general contractor may be held liable in common-law negligence and under Labor Law § 200 when the owner or general contractor has control over the work site and either created the dangerous condition causing an injury, or failed to remedy the dangerous or defective condition while having actual or constructive notice of it" (Rodriguez v HY 38 Owner, LLC, 192 AD3d at 841 [internal quotation marks omitted]). "A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected" (Nicoletti v Iracane, 122 AD3d 811, 812).
Here, the plaintiff failed to offer any evidence demonstrating, prima facie, that the defendants either created the dangerous condition by installing the allegedly defective plywood cover, or had actual or constructive notice that the allegedly defective plywood cover posed a danger to the plaintiff. Accordingly, the Supreme Court, upon reargument, should have adhered to the prior determination denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 200 and common-law negligence causes of action insofar as asserted against the defendants, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.
BARROS, J.P., MILLER, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court