Fuentes v 257 Toppings Path, LLC (2024 NY Slip Op 01535)

Fuentes v 257 Toppings Path, LLC

2024 NY Slip Op 01535

Decided on March 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2021-04928
 (Index No. 613573/17)

[*1]Gregorio Fuentes, et al., appellants-respondents,
v
257 Toppings Path, LLC, et al., defendants third-party plaintiffs-respondents-appellants, Builder Services Group, Inc., etc., third-party defendant-respondent.

Oresky & Associates, PLLC, Bronx, NY (Joshua E. Goldblatt of counsel), for appellants-respondents.
Gallo Vitucci Klar LLP, New York, NY (C. Briggs Johnson of counsel), for defendants third-party plaintiffs-respondents-appellants.
Ansa Assuncao, LLP, White Plains, NY (Stephen P. McLaughlin of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal, and the defendants third-party plaintiffs cross-appeal, from an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), entered June 21, 2021. The order, insofar as appealed from, denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(b)(1). The cross-appeal was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a
violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(b)(1) is granted.
The plaintiff Gregorio Fuentes (hereinafter the injured plaintiff) was employed as a laborer by the third-party defendant, Builder Services Group, Inc. (hereinafter the third-party defendant), to work on the new construction of a house on land owned by the defendant third-party plaintiff 257 Toppings Path, LLC (hereinafter 257 Toppings). The defendant third-party plaintiff A-H Construction, LLC (hereinafter A-H), was the general contractor on the project. During the course of construction, the injured plaintiff was spray-painting insulation in the attic space when he fell through an opening in the attic floor. The injured plaintiff fell 16 feet, landing on the level below. The opening was intended to be covered by a panel that would provide access to the attic upon completion of construction.
The injured plaintiff, and his wife suing derivatively, thereafter commenced the [*2]instant action against 257 Toppings and A-H (hereinafter together the defendants) to recover damages for personal injuries, alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). The defendants commenced a third-party action against the third-party defendant. After the note of issue was filed, the plaintiffs moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR § 23-1.7(b)(1). The defendants and the third-party defendant, among other things, separately opposed the motion. By order entered June 21, 2021, the Supreme Court, inter alia, denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(b)(1). The plaintiffs appeal.
Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers proper protection from elevation-related hazards (see McCarthy v Turner Const., Inc., 17 NY3d 369, 374; Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613). "The purpose of the statute is to protect workers from the 'pronounced risks arising from construction work site elevation differentials'" (Zoto v 259 W. 10th, LLC, 189 AD3d 1523, 1524, quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603). "To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was violated and that the violation proximately caused his or her injuries" (Orellana v 7 W. 34th St., LLC, 173 AD3d 886, 887; see Robinson v East Med. Ctr., LP, 6 NY3d 550, 554).
Here, the plaintiffs demonstrated their prima facie entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action. The plaintiffs' evidence established that the injured plaintiff was exposed to an elevation risk within the ambit of Labor Law § 240(1) by virtue of the uncovered, unguarded opening in the attic floor (see Zoto v 259 W. 10th, LLC, 189 AD3d at 1524), that he was not provided with any safety devices to protect him from that hazard, and that the failure to provide him proper protection from the uncovered, unguarded opening was a proximate cause of his injuries (see Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613; Rodriguez v Waterfront Plaza, LLC, 207 AD3d 489, 490; Mejia v 69 Mamaroneck Rd. Corp., 203 AD3d 815; Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d 727, 728).
In opposition, the defendants and the third-party defendant failed to raise a triable issue of fact. While the plaintiff testified that his visibility was poor due to the condition of a protective mask that he was wearing at the time of the accident, any potential comparative negligence arising from this fact would not be a defense to the Labor Law § 240(1) cause of action (see Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613; Zong Wang Yang v City of New York, 207 AD3d 791, 794).
Labor Law § 241(6) requires that construction sites be conducted so "as to provide reasonable and adequate protection and safety to persons employed therein" (Nucci v County of Suffolk, 204 AD3d 817, 819 [internal quotation marks omitted]). "To prevail on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must establish the violation of an Industrial Code provision that sets forth specific, applicable safety standards, and that his or her injuries were proximately caused by such Industrial Code violation" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d 717, 718; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). Here, the Labor Law § 241(6) cause of action is premised on a violation of 12 NYCRR 23-1.7(b)(1)(i), "which mandates that holes or 'hazardous openings' at construction sites 'into which a person may step or fall' be 'guarded by a substantial cover fastened in place or by [the installation of] a safety railing'" (Ortiz v. 164 Atl. Ave., LLC, 77 AD3d 807, 809-810, quoting 12 NYCRR 23-1.7[b][1][i]; see Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613).
The plaintiffs demonstrated, prima facie, that the defendants violated Labor Law § 241(6) by failing to provide a substantial cover or safety railing for the opening in the floor in accordance with 12 NYCRR 23-1.7(b)(1)(i) and that this violation was a proximate cause of the accident (Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613; Norero v 99-105 Third Ave. Realty, LLC, 96 AD3d at 728). In opposition, the defendants and the third-party defendant failed to raise a triable issue of fact. "Any comparative negligence on the part of the [injured] plaintiff does [*3]not preclude liability founded upon a violation of Labor Law § 241(6)" (Moscati v Consolidated Edison Co. of N.Y., Inc., 168 AD3d at 719; see Rodriguez v City of New York, 31 NY3d 312; Wein v East Side 11th & 28th, LLC, 186 AD3d 1579, 1581).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on a violation of 12 NYCRR 23-1.7(b)(1).
IANNACCI, J.P., GENOVESI, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court