Valentin v Stathakos (2024 NY Slip Op 03512)

Valentin v Stathakos

2024 NY Slip Op 03512

Decided on June 26, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2019-12507
2020-07175
 (Index No. 5046/15)

[*1]Pedro Valentin, appellant-respondent, 
v
Bill Stathakos, et al., respondents, et al., defendant; Class One Construction, Ltd., third-party defendant-respondent-appellant.

Gorayeb & Associates, P.C., New York, NY (Jonathan D. Moran of counsel), for appellant-respondent.
Litchfield Cavo LLP, New York, NY (Louis F. Eckert and Anthony Broccolo of counsel), for third-party defendant-respondent-appellant.
Cascone & Kluepfel, LLP, Garden City, NY (Beth L. Rogoff-Gribbins), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, (1) the plaintiff appeals, and the third-party defendant cross-appeals, from an order of the Supreme Court, Kings County (Lisa S. Ottley, J.), dated August 26, 2019, and (2) the plaintiff appeals from an order of the same court, also dated August 26, 2019. The first order, insofar as appealed from by the plaintiff, granted that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them. The first order, as cross-appealed from, granted the motion of the defendants third-party plaintiffs for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them and on the third-party cause of action for contractual indemnification. The second order denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the cross-appeal by the third-party defendant from so much of the first order as granted that branch of the motion of the defendants third-party plaintiffs which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them is dismissed, as the third-party defendant is not aggrieved by that portion of the first order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the first order is reversed insofar as appealed from and insofar as reviewed on the cross-appeal, on the law, and the motion of the defendants third-party plaintiffs for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them and on the third-party cause of action for contractual indemnification is denied; and it is further,
ORDERED that the second order is reversed, on the law, and the plaintiff's motion [*2]for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff and the third-party defendant, payable by the defendants third-party plaintiffs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained while working at a construction site. On the day of his accident, the plaintiff was an employee of the third-party defendant, Class One Construction, Ltd. (hereinafter Class One), which was tasked with demolishing a parapet wall surrounding the roof of a one-story building under renovation. The property was owned by the defendant third-party plaintiff Bill Stathakos and managed by the defendant third-party plaintiff 1413 Fulton Management, LLC (hereinafter together the Fulton defendants). The plaintiff was descending an internal ladder, which was permanently affixed at its top end to a roof access opening, when the ladder detached from its holdings, causing the plaintiff to fall and the ladder to land on top of him. The complaint asserted causes of action alleging, inter alia, violations of Labor Law §§ 200, 240(1), and 241(6) and common-law negligence. The Fulton defendants answered the complaint and commenced a third-party action against Class One seeking, among other things, contractual indemnification.
Following discovery, the Fulton defendants moved for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them and on the third-party cause of action for contractual indemnification. The plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). In two separate orders dated August 26, 2019, the Supreme Court, respectively, granted the Fulton defendants' motion and denied the plaintiff's motion.
The Supreme Court erred in granting that branch of the Fulton defendants' motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them since the Fulton defendants failed to eliminate the existence of triable issues of fact as to whether they lacked actual and/or constructive notice of the allegedly defective premises condition and control over the work site.
"Labor Law § 200 codifies the common-law duty . . . to provide employees with a safe place to work" (Rodriguez v HY 38 Owner, LLC, 192 AD3d 839, 841 [internal quotation marks omitted]; see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505). Labor Law § 200 "applies to owners, contractors, and their agents" (Rodriguez v HY 38 Owner, LLC, 192 AD3d at 841). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (id. [internal quotation marks omitted]; see Chowdhury v Rodriguez, 57 AD3d 121, 129; Ortega v Puccia, 57 AD3d 54, 61).
Where, as here, a claim arises out of an alleged dangerous premises condition (see Esquivel v 2707 Creston Realty, LLC, 149 AD3d 1040, 1040; Cordeiro v TS Midtown Holdings, LLC, 87 AD3d 904, 905; Aragona v State of New York, 74 AD3d 1260, 1260), "a property owner or general contractor may be held liable in common-law negligence and under Labor Law § 200 when the owner or general contractor has control over the work site and either created the dangerous condition causing an injury, or failed to remedy the dangerous or defective condition while having actual or constructive notice of it" (Rodriguez v HY 38 Owner, LLC, 192 AD3d at 841 [internal quotation marks omitted]; see Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613, 616; Bessa v Anflo Indus., Inc., 148 AD3d 974, 978). "A defendant has constructive notice of a defect when it is visible and apparent, and has existed for a sufficient length of time before the accident such that it could have been discovered and corrected" (Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d at 616 [internal quotation marks omitted]; see Gordon v American Museum of Natural History, 67 NY2d 836, 837).
Here, the Fulton defendants failed to establish, prima facie, their entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them. Contrary to the Supreme Court's determination, the Fulton defendants failed to establish, prima facie, that they lacked actual or constructive notice of the allegedly dangerous condition of the ladder, which the plaintiff described [*3]in his deposition as rusty and old. The evidence the Fulton defendants submitted in support of their motion "did not eliminate triable issues of fact as to whether the allegedly dangerous condition of the [ladder] should have been discovered upon a reasonable inspection" (Bonkoski v Condos Bros. Constr. Corp., 216 AD3d 612, 616; see Zholanji v 52 Wooster Holdings, LLC, 188 AD3d 1300, 1302; Bessa Anflo Indus., Inc., 148 AD3d at 978). Furthermore, the Fulton defendants failed to establish, prima facie, that they lacked control over the work site (see Bessa v Anflow Indus., Inc., 148 AD3d at 978; cf. Cohen v Schachter, 51 AD3d 847, 848). Accordingly, that branch of their motion which was for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against them should have been denied, regardless of the adequacy of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Bruno v Board of Educ. of Cent. School Dist. # 5, 74 AD3d 1114, 1115).
Since there are triable issues of fact as to whether the Fulton defendants were free from negligence with regard to the plaintiff's accident, summary judgment on the third-party cause of action for contractual indemnification is not warranted (see Cava Constr. Co., Inc. v Gealtec Remodeling Corp., 58 AD3d 660, 662; Coque v Wildflower Estates Devs., Inc., 31 AD3d 484, 489-490; cf. Giangarra v Pav-Lak Contr., Inc., 55 AD3d 869, 871).
Labor Law § 240(1) applies where an employee is engaged "in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure," and requires contractors, owners and their agents to "furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." "Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). The intent of Labor Law § 240(1) "was to protect workers employed in the enumerated acts, even while performing duties ancillary to those acts" (Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 882; see 12 NYCRR 23-1.4[b][16]).
Here, the Supreme Court properly determined that the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). "The collapse of a scaffold or ladder for no apparent reason while a plaintiff is engaged in an activity enumerated under the statute creates a presumption that the ladder or scaffold did not afford proper protection" (Cruz v Roman Catholic Church of St. Gerard Magella in Borough of Queens in the City of N.Y., 174 AD3d 782, 783; see Debennedetto v Chetrit, 190 AD3d 933, 936). Through the submission of his deposition testimony, the plaintiff established, prima facie, that he was exposed to an elevation risk within the ambit of Labor Law § 240(1), that the ladder collapsed for no apparent reason, and that the inadequately secured ladder was a proximate cause of his injuries (see Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d at 615; Debennedetto v Chetrit, 190 AD3d at 936).
However, in opposition to the plaintiff's prima facie showing, the Fulton defendants and Class One failed to present a plausible view of the evidence—enough to raise a triable issue of fact—that there was no statutory violation and that the plaintiff's own acts or omissions were the sole cause of the accident (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289 n 8; Masmalaj v New York City Economic Dev. Corp., 197 AD3d 1292, 1293-1294). The "double hearsay" testimony (see generally Nucci v Proper, 95 NY2d 597, 603-604; Danton v Van Valkenburg, 13 AD3d 931, 933) of Victor Manuel Perez, the sole owner and president of Class One, upon which the Fulton defendants and Class One relied, "when combined with [Perez's] limited nonhearsay submissions" (Feinberg v Sanz, 115 AD3d 705, 707), was insufficient to raise a triable issue of fact as to whether the plaintiff was actually engaged in a statutorily protected work activity at the time of his fall (see Estrella v ZRHLE Holdings, LLC, 218 AD3d 640, 644; Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d 785, 787). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court