Ramirez v Pace Univ. (2024 NY Slip Op 04334)

Ramirez v Pace Univ.

2024 NY Slip Op 04334

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2022-04811
 (Index No. 710093/17)

[*1]Jonathan Ramirez, respondent, 
v
Pace University, et al., appellants (and third-party actions).

Conway, Farrell, Curtin & Kelly, P.C., New York, NY (Darrell John of counsel), for appellant Pace University.
Strikowsky Drachman & Shapiro, New York, NY (Sim R. Shapiro of counsel), for appellant NYCAN Builders, LLC.
Siegel & Connerty, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Joshua Block, and Kenneth J. Gorman], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Pace University appeals, and the defendant NYCAN Builders, LLC, separately appeals, from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered May 25, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
In July 2017, the plaintiff was working for a nonparty entity on a construction project at the defendant Pace University (hereinafter Pace) when he allegedly fell from a scaffold and was injured. Pace had contracted with the defendant NYCAN Builders, LLC (hereinafter NYCAN), to manage the project.
The plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging, inter alia, a violation of Labor Law § 240(1). After the note of issue was filed, the plaintiff moved, among other things, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The defendants separately opposed the motion. By order entered May 25, 2022, the Supreme Court granted that branch of the plaintiff's motion. The defendants separately appeal.
Labor Law § 240(1) imposes upon owners, contractors, and their agents a nondelegable duty to provide workers with proper protection from elevation-related hazards (see Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d 613, 614). To establish liability pursuant to Labor Law § 240(1), a plaintiff "must demonstrate a violation of the statute and that such violation was a proximate cause of his or her injuries" (Garcia v Emerick Gross Real Estate, L.P., 196 AD3d 676, 677; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287-289). "The collapse of a scaffold or ladder for no apparent reason while a plaintiff is engaged in an activity [*2]enumerated under the statute creates a presumption that the ladder or scaffold did not afford proper protection" (Cruz v Roman Catholic Church of St. Gerard Magella in Borough of Queens in the City of N.Y., 174 AD3d 782, 783).
Here, the plaintiff established, prima facie, that he was exposed to an elevation-related hazard within the ambit of Labor Law § 240(1) and that the unsecured scaffold platform was a proximate cause of his injuries (see Mushkudiani v Racanelli Constr. Group, Inc., 219 AD3d at 614; Cruz v Roman Catholic Church of St. Gerard Magella in Borough of Queens in the City of N.Y., 174 AD3d at 783).
In opposition, the defendants failed to demonstrate that the plaintiff's motion was premature. "A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence or the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Mogrovejo v HG Hous. Dev. Fund Co., Inc., 207 AD3d 457, 460 [internal quotation marks omitted]; see Cajas-Romero v Ward, 106 AD3d 850, 852). Here, the defendants' contention that depositions of more witnesses might lead to relevant information was speculative (see Mogrovejo v HG Hous. Dev. Fund Co., Inc., 207 AD3d at 460). The record further established that the defendants had a reasonable opportunity to pursue the additional discovery and that they did not demonstrate that they were diligent in doing so (see id.).
The defendants also failed to raise a triable issue of fact as to whether the plaintiff was a recalcitrant worker and the sole proximate cause of the accident (see Estrella v ZRHLE Holdings, LLC, 218 AD3d 640, 644; Debennedetto v Chetrit, 190 AD3d 933, 935). Further, any potential comparative negligence arising from the plaintiff working after the closing time of the work site would not be a defense to the Labor Law § 240(1) cause of action (see Stolt v General Foods Corp., 81 NY2d 918, 920; Mejia v 69 Mamaroneck Rd. Corp., 203 AD3d 815, 818).
Contrary to NYCAN's contention, it is liable under Labor Law § 240(1) as a statutory agent as it had "the ability to control the activity which brought about the injury" (Walls v Turner Constr. Co., 4 NY3d 861, 863-864; see Jin Gak Kim v Kirchoff-Consigli Constr. Mgt., LLC, 197 AD3d 1289, 1291).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1).
DILLON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court